UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY NOLL, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:15-cv-00493-JAW |
| FLOWERS FOODS, INC., LEPAGE BAKERIES PARK STREET LLC, and CK SALES CO., LLC, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR CONDITIONAL CERTIFICATION AND COURT-SUPERVISED NOTICE**

In this Fair Labor Standards Act and Maine wage and hour law case, the named plaintiff alleges that the Defendants misclassified their bakery distributor drivers as independent contractors thereby denying them the rights and benefits of employment, including overtime wages.

**I. BACKGROUND**

On December 3, 2015, Timothy Noll filed a class and collective action complaint against Flowers Foods, Inc. (Flowers Foods), LePage Bakeries Park Street LLC (LePage Bakeries), and CK Sales Co., LLC (CK Sales). *Class & Collective Action Compl.* (ECF No. 1).

On April 18, 2016, Mr. Noll filed the instant motion for conditional certification of a class and court-supervised notice for his claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq. Pl.'s Mot. for Conditional Certification & Court-*

*Supervised Notice of Pending Collective Action & Req. for Oral Arg.* (ECF No. 46). Mr. Noll also requested oral argument on the issue; the Court granted his request for oral argument on July 15, 2016 to be scheduled at the mutual convenience of the parties and the Court. *Id.*; *Order* (ECF No. 66).

Initially, the Defendants opposed the motion for conditional certification. *Defs.' Opp'n to Pl.'s Mot. for Conditional Certification* (ECF No. 59). Mr. Noll replied on July 8, 2016. *Reply Mem. in Supp. of Pl.'s Mot. for Conditional Certification & Judicial Notice* (ECF No. 65). On November 15, 2016, Mr. Noll filed a notice of supplemental authority regarding orders granting conditional certification in two related cases: *Opinion & Order*, *Neff v. Flowers Foods, Inc.*, No. 5:15-cv-00254 (D. Vt. Nov. 7, 2016), ECF No. 56 and *Coyle v. Flowers Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872 (D. Ariz. Aug. 30, 2016). *Notice of Suppl. Authority Regarding Pl.'s Mot. for Conditional Certification* (ECF No. 69).

On January 19, 2017, after the Court attempted to schedule the oral argument, the parties notified the Court that they had reached an agreement. Specifically, the Defendants agreed to withdraw their Objection to Motion for Conditional Certification (ECF No. 59) on the condition that the Defendants will have thirty days from the Court's granting of the motion to provide contact information for the Distributors and that the contact information will be limited to names, addresses, email addresses, and telephone numbers. The Defendants reserved the right to file a motion for decertification following discovery.

## II. DISCUSSION

The Court accepts the parties' agreement and therefore authorizes the conditional certification of the class for the FLSA claim and court-supervised notice, as requested by Mr. Noll in his motion, subject to the Defendants' condition regarding the Distributors' contact information.

However, under the guidance provided in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), the Court conducted its own review of the proposed notice, consent, and reminder forms to ensure that they are not an endorsement of any action and that they are fair and factual in all respects. *See generally id.* at 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"). Based on this review, the Court concludes that the phrase "A Federal District Court authorized this notice" could suggest judicial endorsement of the action. *See Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2015 WL 1241365, at *6 (D. Me. Mar. 18, 2015). Therefore, Mr. Noll shall substitute the phrase "A Federal District Court authorized this notice" for the phrase "A Federal District Court approved the sending of this notice" on pages one and four of the proposed notice. Subject to this change, the notice, consent, and reminder forms are appropriate and shall be distributed in accordance with Mr. Noll's requests.

### III. CONCLUSION

Accordingly, the Court GRANTS Mr. Noll's Motion for Conditional Certification and Court-Supervised Notice (ECF No. 46). The Court generally adopts

3

Mr. Noll's view of the definition of the putative class as set forth in the Plaintiff's motion: "All persons who are or have performed work as Distributors for Flowers Foods, Inc., LePage Bakeries Park Street LLC, and/or CK Sales Co., LLC in the state of Maine under a Distributor Agreement or a similar written contract that they entered into during the period commencing three years prior to the date of the filing of the Complaint in this case or December 3, 2012 and continuing through the close of the Court-determined opt-in period." The Court approves Mr. Noll's proposed notice, consent, and reminder forms, subject to the modifications discussed above, and AUTHORIZES Mr. Noll to circulate the notice and consent form to all potential class members and to send the reminder notices forty-five (45) and seventy-five (75) days after the first notice is mailed.

The Court makes the following additional ORDERS:

1) The Defendants shall deliver to Mr. Noll a computer readable data file containing information relating to all Distributors who worked for the Defendants since December 3, 2012 within thirty (30) days from the date of this Order. This information shall include the Distributors' names, addresses, email addresses, and telephone numbers.

2) The parties shall enter into a confidentiality agreement concerning the computer readable data file within twenty (20) days from the date of this Order.

3) The Defendants shall prominently post the notice in each of the LePage Bakeries and CK Sales warehouses in the state of Maine in a

conspicuous place frequented by the Distributors and notice shall remain posted throughout the duration of the opt-in period.

4) The putative class members shall have ninety (90) days from the date of this Order to join the case.

SO ORDERED.

                                                  /s/ John A. Woodcock, Jr.
                                                  JOHN A. WOODCOCK, JR.
                                                  UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2017