UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TIMOTHY NOLL, et al.,           )
                                )
        Plaintiffs,              )
                                )
    v.                          )    1:15-cv-00493-JAW
                                )
FLOWERS FOODS, INC., et al.,    )
                                )
        Defendants.              )

**RECOMMENDED DECISION ON SHOW CAUSE ORDER**

This is a collective action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. After the Court conditionally certified the collective action class (Order, ECF No. 81), a number of individual plaintiffs filed the required consent to join the action. (ECF Nos. 95 – 138.)

On March 7, 2018, Defendants asked the Court to order several of the plaintiffs to show cause as to why their claims should not be dismissed based on their failure to respond to Defendants' written discovery requests. (Motion, ECF No. 157.) The Court granted the motion, and issued an Order to Show Cause. (Order, ECF No. 162.) In the order, the Court wrote:

> The Court orders that on or before April 27, 2018, Plaintiffs David Adams, Rodney Belanger, Kenneth Connor, James Dee, Daryle Degen, Kevin Hatch, Matthew Lorenz, Michael Moloney, and Joel Scott shall show cause in writing as to why they have failed to respond to Defendants' discovery requests and failed to participate in this action. Said Plaintiffs shall also show cause as to why the Court should not dismiss their claims based on their failure to respond to the discovery requests and their failure to participate in this action. If said plaintiffs fail to show cause in accordance with this order, the Court could dismiss their claims with prejudice.

(Order at 2.) A review of the record reveals that none of the plaintiffs identified in the Order to Show Cause has filed a pleading with or otherwise corresponded with the Court in response to the order.

Because none of the identified plaintiffs has complied with the Order to Show Cause, I recommend the Court dismiss their claims without prejudice.

## Discussion

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. "The authority to order dismissal in appropriate cases is a necessary component of that capability." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F. 3d 1, 4 (1st Cir. 2002).

In this case, none of the plaintiffs identified in the Order to Show Cause complied with the order. The identified plaintiffs have not only failed to comply with a court order, but have also failed to demonstrate that they intend to continue to participate in this action. The identified plaintiffs have thus failed to prosecute their claims. Dismissal, therefore, is appropriate.

The issue is whether the claims should be dismissed with prejudice. As a general rule, dismissal with prejudice is a sanction reserved for the most extreme misconduct. *Vazquez–Rijos*, 654 F.3d at 127. Because the identified plaintiffs' failure to prosecute occurred at the initial stages of the proceeding, because the identified plaintiffs' limited involvement in the case likely has not caused Defendants to incur significant costs, exclusive of the costs incurred to defend against the collective action generally, and because the identified plaintiffs did not initiate this action, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss the claims of Plaintiffs David Adams, Rodney Belanger, Kenneth Connor, James Dee, Daryle Degen, Kevin Hatch, Matthew Lorenz, Michael Moloney, and Joel Scott without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of May, 2018.