UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY NOLL, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:15-cv-00493-JAW |
| FLOWERS FOODS, INC., et al., | ) ) ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUE**

This is a collective action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., in which Plaintiffs allege Defendants misclassified their bakery distributor drivers as independent contractors, and thus deprived the drivers of the rights and benefits of employment, including overtime wages.

The matter is before the Court on the parties' dispute regarding Defendants' redaction of certain documents produced in discovery. In accordance with the Court's order following a telephonic conference (Order, ECF No. 169), the parties filed written argument on this issue. (ECF Nos. 170, 182.) Defendants also filed for the Court's review examples of the un-redacted documents that are the subject of the dispute.

After review of the parties' submissions, on August 31, 2018, the Court conducted a telephonic conference with counsel to discuss some of the issues generated by the parties' filings. As the result of the conference, at the Court's direction, the parties submitted additional information for the Court's consideration.

**Background**

In discovery, Plaintiffs requested that Defendants produce documents generated in connection with a project that Defendant Flowers Foods commissioned in 2016, which project is known as Project Centennial. According to Defendants, "Project Centennial was a comprehensive, company-wide program to streamline operations, drive efficiencies, and invest in strategic capabilities that involved business transformation and restructuring across the entire company. Project Centennial touched on many areas of business other than the distributor program." (Defendants' Brief at 2, ECF No. 170.)

Defendants produced the documents responsive to Plaintiffs' request, but redacted portions of the documents citing the lack of relevancy and proprietary nature of the redacted information. In the most recent telephonic conference, Defendants also noted the request for the information was not proportional to the needs of the case.

Plaintiffs maintain that Defendants impermissibly redacted information based on relevancy. Plaintiffs contend all of the information regarding Project Centennial is relevant as it addresses and describes Defendants' business model, which necessarily implicates the distributor program. (Plaintiff's Brief, ECF No. 182.) Through their supplemental filing, Plaintiffs cite the deposition testimony of Kelly Hernandez, Defendants' Rule 30(b)(6) corporate designee for Project Centennial matters, in support of their argument. Plaintiffs also argue that governing authority does not permit a party to redact information from an otherwise relevant document based on relevancy. (Plaintiff's Brief at 6 – 7.)

**Discussion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Additionally, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The Court acknowledges that as a general rule, the redaction of alleged non-relevant information from an otherwise relevant document has not been viewed favorably by some courts. *See*, *e.g.*, *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 – 52 (D. Minn. 2011); *Durling v. Papa John's Int'l*, No. 7:16-cv-3592, 2018 WL 557915 at *9 (S.D.N.Y. Jan. 24, 2018). There are circumstances, however, where redaction based on relevance has been permitted, including where the information is business-related and not relevant. *See RBS Citizens*, *N.A. v. Husain*, 291 F.R.D. 209, 222 – 23 (N.D. Ill. 2013); *In re Yasmin and Yaz Mktg.*, *Sales Practices and Prod. Liab. Litig.*, No. 3:09-MD-02100, 2010 WL 3780798 at *2 (D. Ill. Sept. 22, 2010).

Here, a review of the examples of the un-redacted documents revealed that the redacted portions of the documents include information that can fairly be described as business strategy, including proprietary information, which is unrelated to the distributor issues in this case. The fact that Defendants' corporate representative might consider any documents generated by the Project Centennial as information that could have some impact on the distributor program is not controlling. The Court understands that any modification of Defendants' business strategy theoretically could have some impact on all of Defendants'

3

business operations, including the distributor program. A theoretical relationship of the information is insufficient to establish relevancy and proportionality.

Given that the Project Centennial documents plainly include strategic business information that does not relate to the distributor-related issues in this case, Defendants' decision to redact certain information from the documents on grounds of relevancy was justified. Nevertheless, because Defendants' control over Plaintiffs' work, including Plaintiffs' markets, is a central issue in the case, information regarding Defendants' business relationship with the stores/entities that purchase the products supplied by the distributors, including information regarding Defendants' involvement in establishing the price charged for the products by the distributors and the stores/entities that purchase and sell the products, is relevant. The list of the redacted information provided by Defendants suggests to the Court that the redacted information could include such information. Defendants, therefore, shall review the redacted documents and produce to Plaintiffs any such information that was redacted.

## Conclusion

Based on the foregoing analysis, the Court finds that Defendants properly redacted certain business-related information that is not relevant to the distributor-related issues in this case. Defendants, however, shall review the redacted documents and produce to Plaintiffs the portions of the redacted documents that reflect, describe, or relate to Defendants' business relationship with the stores/entities that purchase the products supplied by the distributors, including information regarding Defendants' involvement in

establishing the price charged for the products by the distributors and the stores/entities that purchase and sell the products.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of September, 2018.