# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY NOLL, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br>FLOWERS FOODS, INC., LEPAGE BAKERIES PARK STREET LLC, and CK SALES CO., LLC<br><br>Defendants | Case No. 1:15-cv-00493-LEW<br><br>**UNOPPOSED MOTION TO SET ASIDE FINAL JUDGMENT AND REQUEST FOR A TELEPHONIC STATUS CONFERENCE** |

Plaintiff Noll , on behalf of the putative Rule 23 Class and Section 216(b) Collective Class Members, respectfully moves this Honorable Court to set aside the final judgment entered in this case and to schedule a telephonic status conference with the parties. The parties have met and conferred regarding this motion and Defendants have agreed not to oppose the relief sought.

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and (6) the Plaintiff and the class seek relief from the final judgment because Plaintiff's and the Rule 23 Class's wage deduction claims under Count IV have not been adjudicated against them and are not included in the judgment entered by the Court. As established by the Court's class certification and summary judgment orders, the state law wage deduction claims were certified for class adjudication, were not the subject of Defendants' motions for summary judgment or decertification, and thus were not dismissed and remain at issue.

**Motion to To Set Aside Judgment**

1. On August 4, 2020, the Court entered judgment "for defendants Flowers Foods Inc., Lepage Bakeries Park Street LLC, and CK Sales Co. LLC as against the plaintiff Timothy Noll and the Opt-in Plaintiffs on the state law claims asserted in Counts II, III and IV. Furthermore, as to Plaintiff Timothy Noll, JUDGMENT is hereby entered for defendants Flowers Foods Inc., Lepage Bakeries Park Street LLC, and CK Sales Co. LLC as against the federal claims asserted in Counts I and II. As to the Opt-In Plaintiffs, JUDGMENT is hereby entered dismissing their federal claims, WITHOUT PREJUDICE." Doc. 278 at 1.

2. Plaintiff's Complaint articulates distinct state law claims under Count IV. A cause of action under 26 Me. Rev. Stat. §§ 621 *et seq.* (specifically, § 629) for unlawful wage deductions, was pled in Count IV. Doc. 1 ¶¶ 77, 79(c), and 81. This claim is independent of Plaintiffs' state law cause of action for overtime (§§ 661 *et seq.*), also pled in Count IV.

3. Plaintiffs moved for certification of both their wage deduction and overtime claims. *See* Doc. 191 at 2, 14, 26–27, and 35–37; Doc. 198 at 5 (seeking certification of the wage deduction claims).

4. The court certified a Rule 23 class in part based on the claims through which Plaintiff seeks "damages for … unlawful paycheck deductions." Doc. 202 at 2.

5. Defendants moved for summary judgment on Count IV but only as to Plaintiff's overtime claims, and *not* their wage deduction claims. *See* Doc. 224 at 4 ("With regard to Plaintiff's Rule 23 class claims, Defendants seek summary judgment on Plaintiffs' claim for *overtime* under state law (*part* of Count IV).") (emphases added); *see also id.* at 10–31 (only arguing that overtime claims of Count IV should be dismissed). Defendants' legal

defenses advanced in their summary judgment motion (i.e. Motor Carrier Act and Technical Corrections Act and outside sales exemption) are unique to the overtime claim and do not apply to Plaintiffs' wage deduction claim.

6. The Court granted summary judgment to Defendants on "that portion of Count IV that requests relief pursuant to 26 M.R.S. § 622" (i.e., penalties for failure to maintain accurate time records) and, "[a]s to the remainder of Count IV, Defendants are granted summary judgment pursuant to the Maine outside sales exemption." Doc. 262 at 32–33. The Maine outside sales exemption *only* applies to overtime claims and does not apply to wage deduction claims. The Court did not grant summary judgment to Defendants pursuant to the wage deduction claims of 26 M.R.S. § 629(1), nor did it discuss those claims in its summary judgment order.

7. However, the judgment states that it is entered against "the Opt-in Plaintiffs on the state law claims asserted in Counts II, III, and IV" (Doc. 278 at 1). The "Opt-In Plaintiffs" are those Plaintiffs who opted in to the federal FLSA collective action asserting unpaid overtime. Plaintiff believes "Opt-In Plaintiffs on the state law claims," in the judgment intended to refer to Rule 23 Class Members asserting state overtime claims. Similarly, Plaintiff believes the reference to state law claims in Count IV intended to refer to the Rule 23 Class' claim for unpaid overtime under state law, but did not include Plaintiffs' claim for illegal deductions from wages, as Defendants did not move for summary judgment on that claim, and it was not part of the Court's summary judgment order.

3

8. Accordingly, the parties jointly request that the judgment entered on August 4, 2020 be set aside and that the Court set a status conference to discuss a schedule for the adjudication of Plaintiff's and the Rule 23 class' wage deduction claim.

## Conclusion

Based on the foregoing points and authorities, Plaintiff and the class respectfully request that this Court GRANT (1) their request to set aside the final judgment and (2) set a telephonic status conference.

Dated: August 10, 2020.

Respectfully submitted,

/s Shawn J. Wanta
Shawn J. Wanta, *pro hac vice*
Christopher D. Jozwiak, *pro hac vice*
Scott A. Moriarity, *pro hac vice*
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
samoriarity@baillonthome.com
sjwanta@baillonthome.com
cdjozwiak@baillonthome.com

Gordon Rudd, *pro hac vice*
David Cialkowski, *pro hac vice*
ZIMMERMAN REED PLLP
111 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Gordon.Rudd@zimmreed.com
David.Cialkowski@Zimmreed.com

/s Amy P. Dieterich
Amy P. Dieterich
SKELTON, TAINTOR & ABBOTT
95 Main Street
Auburn, ME 04210
Telephone: 207-784-3200
adieterich@sta-law.com

Susan E. Ellingstad, *pro hac vice*
Rachel A. Kitze Collins, *pro hac vice*
Brian D. Clark, *pro hac vice*
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
seellingstad@locklaw.com
rakitzecollins@locklaw.com
bdclark@locklaw.com

Charles E. Schaffer, *pro hac vice*
LEVIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Fax: (215) 592-1500
cschaffer@lfsblaw.com

*Class Counsel and Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Shawn J. Wanta hereby certify that on August 12, 2020, I filed the foregoing via the Court's CM/ECF system, which will automatically send a notice of filing to counsel of record.

/s/ Shawn J. Wanta

*Attorney for Plaintiff*