UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY NOLL, individually and, on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15-cv-00493-LEW |
| FLOWERS FOODS INC, LEPAGE BAKERIES PARK STREET, LLC., and CK SALES CO., LLC, | ) ) ) ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S
<u>MOTION TO AMEND JUDGMENT</u>**

On January 29, 2020, I granted partial summary judgment in favor of Defendants on Plaintiff's state law class action seeking payment of overtime compensation. Summary Judgment Order (ECF No. 262). On August 3, 2020, I granted Defendants' motion to decertify the related FLSA collective action, dismissed Timothy Noll's FLSA claims with prejudice, and dismissed the FLSA claims of the opt-in plaintiffs without prejudice. Order on Defendants' Motion for Decertification of FLSA Collective Action (ECF No. 277). On August 4, 2020, final judgment entered dismissing all claims in the action. Judgment (ECF No. 278).

The matter is now before me on Plaintiff's Unopposed Motion to Amend Judgment (ECF No. 279). Plaintiff observes that final judgment was not appropriate at this juncture because a state law class action claim for invalid paycheck deductions remains in the case,

which claim is found in Count IV of the Complaint, and which claim Defendants never targeted with a dispositive motion.  I last considered the claim in my January 15, 2019 Decision and Order (ECF No. 202), wherein I certified the claim to proceed on a class action basis.

Plaintiff's Motion to Amend Judgment is **GRANTED**.  The Judgment dated August 4, 2020, is **VACATED**. To the limited extent the Summary Judgment Order purported to dismiss Count IV in its entirety, the Order is hereby amended to reinstate the state law paycheck deduction claim in Count IV, *i.e.*, the claim asserted under 26 M.R.S. § 629(1). The order granting summary judgment and/or dismissing the other claims, including those asserted in Count IV is, in all other respects, maintained.[1]

On September 8, 2020, I convened a telephonic conference, at the parties' request, to discuss the schedule going forward.  During the conference, the parties appeared to agree that there is a need for further development of the expert witness reports.  Defendants also proposed a second summary judgment proceeding for the remaining claim in Count IV, which proposal Plaintiff opposed.  I instructed the parties to meet and confer and report whether they can reach agreement as to these issues and, if not, to state their respective positions.  In addition, the parties are hereby instructed to meet and confer on the topic of subject matter jurisdiction and to report their respective positions concerning the Court's

---

[1] In my Summary Judgment Order I granted Defendants' request for judgment against Plaintiff's state law class action claim for unpaid overtime, based on the state law outside sales exemption, which exemption alleviates Defendants of liability under Subchapter 3 of Chapter 7 of Title 26.  *See* 26 M.R.S. §§ 663(3)(C), 664.  That claim also is asserted in Count IV, as are claims involving requests for civil penalties, which claims I dismissed for failure to state a claim. The state law claim found in Count III also was dismissed for failure to state a claim.

retention of jurisdiction over what remains of this case, pursuant to either the Class Action Fairness Act, 28 U.S.C. § 1332(d), and/or the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367.  Finally, the parties are instructed to confer and report concerning what, if anything, remains on Count II (state law declaratory judgment) and Count V (contract rescission / quantum meruit).

**All status reports shall be filed by September 22, 2020.**

**SO ORDERED.**

Dated this 10th day of September, 2020.

                                         /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE