UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY NOLL, individually and on behalf of all similarly situated individuals,<br><br>  Plaintiff,<br><br>-v-<br><br>FLOWERS FOODS, INC., LEPAGE BAKERIES PARK STREET LLC, and CK SALES CO., LLC<br><br>  Defendants | Case No. 1:15-cv-00493-LEW<br><br>**JOINT REPORT REGARDING THE MEET AND CONFER REQUIRED BY ORDER DATED SEPTEMBER 10, 2020 (DOC. 287)** |

The parties make this report following a telephonic meet and confer as required by this Court's order dated September 10, 2020 (Doc. 287).

**I.  Whether a second motion for summary judgment is appropriate**

  **a.  Plaintiff's position**

A second motion for summary judgment would require a modification of the current scheduling order. (Doc. 160) Modification of a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Plaintiff believes that no such good cause exists because there has been neither a change in facts nor law since Defendants filed their first motion for summary judgment. Plaintiff further submits that Defendants' request to modify the existing scheduling order must be made by motion. Fed. R. Civ. P. 7(b)(1) ("a request for a court order must be made by motion.") Accordingly, Plaintiff opposes Defendants' request to modify the current scheduling order both because the request has not been made as a motion and because it does not satisfy Rule 16. Plaintiff suggests that Defendants file a motion under Rule 16 making the requisite showing

within seven days of this report and Plaintiff will present his arguments in opposition in accordance with Local Rule 7(b).

### b. Defendant's position

Defendants have proposed a second motion for summary judgment limited to specific legal issues regarding the scope of: (1) recoverable deductions (if they are recoverable at all); and, if so (2) available remedies (*i.e.* are treble damages recoverable). Defendants believe this second motion for summary judgment would significantly inform and/or narrow the scope of the issues for trial (potentially eliminating the need for a trial altogether) and presents issues the Court would have to address at some point before trial anyway (whether during the *motion in limine* stage or now). Defendants believe that the Court's adjudication of these issues now is preferable as this may greatly assist the parties in the ultimate resolution of this case at mediation. Finally, Defendants believe allowing expedited briefing on these issues would not result in any significant delay or prejudice in the trial schedule, particularly given the scheduling issues in light of COVID-19.

When, as here, the summary judgment motion would help narrow the scope of legal issues before trial, and the court would need to address the issues to be briefed at some point anyway. Courts have found that good cause existed and allowed the modification of the scheduling order to allow the briefing well past the initial deadline. *See, e.g., Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412 (7th Cir. 2016) (finding that good cause existed for district court to modify scheduling order to allow defendant to file motion for summary judgment nearly a year after initial deadline for filing the motion had passed); *Chanute v. Williams Nat. Gas Co.*, 743 F. Supp. 1437 (D. Kan. 1990), *affirmed* 955 F.2d 641, *rehearing denied, cert denied* 113 S.Ct. 96, 506 U.S. 831, 121 L.Ed.2d 57 (good cause was shown for modification of scheduling order to allow antitrust defendants to file summary judgment motion which would have been untimely under original order

because filing the summary judgment motion, which tested propriety of all claims, would render whole case appealable at same time); *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448 (N.D. Iowa 2003) (good cause existed for extension of the deadline for dispositive motions to allow motion for summary judgment as motion raised legal issues that the court would have been required to address at some point in litigation).

Defendants are willing to file a motion under Rule 16 setting forth the basis for the same within seven days of this report as Plaintiff proposes if the Court deems necessary given that the parties have already conferred and stated their respective positions in this Joint Report.

## II.   The court's on-going jurisdiction over this matter

The parties agree that this Court has jurisdiction over this matter under The Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because: (1) the amount in controversy exceeds $5,000,000, (2) there are more than 100 class members, and (3) there is minimal diversity of citizenship.

Defendants also contend that this Court has jurisdiction over this matter under principles of complete diversity set forth in 28 U.S.C. § 1332(a) because: (1) Plaintiff is a Maine resident and all Defendants are citizens of Georgia[1]; and (2) there is more than $75,000 in controversy for Plaintiff's deductions claims alone according to the expert reports, the trebling Plaintiff seeks, and attorneys' fees.

---

[1] Defendants represent that Flowers Foods, Inc. is a Georgia corporation with its principal place of business in Georgia. Lepage and CK Sales are LLCs. The citizenship of an LLC for diversity jurisdiction purposes is determined by the citizenship of its members. *Pramco LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) (citations omitted). The sole member of CK Sales is Lepage. The sole member of Lepage is Flowers Foods. Because Flowers Foods is a Georgia corporation with its principal place of business in Thomasville, Georgia, Flowers Foods is considered a citizen of Georgia. 28 U.S.C. Section 1332(c)(1).

Plaintiff disputes that a defendant may establish different grounds for jurisdiction than what is stated in the pleadings other than a timely removal from state court.

### III.    Supplemental expert reports

Potential damages in this case continue to accrue and through trial. The parties agree that expert reports should be supplemented as close to trial as possible so as to capture as much damages data as possible. Rule 26(e)(2) requires that any changes to information contained in an expert report must be disclosed by the time the party's pretrial conference. The rule does not allow for changes to the opinion or the basis or reasons for them. However, in this case, because the parties' experts must rely upon data produced by Defendants, the parties suggest that Defendant provide a supplemental data production 30 days before Rule 26(e)(2) disclosures will be due so that the parties' experts may update their calculations.

The parties agree that the federal rules regarding supplementation of expert discovery will apply (other than the timing provision specified above).

### IV.    Counts II and V

The parties agree that the state law claim asserted in Count II was dismissed by the Court in its summary judgment order (Doc. 262). Plaintiff believes that the federal claim for declaratory relief remains. Defendants disagree and believe that the Court has already dismissed this claim. More specifically, in the Court's Order dated January 29, 2020, the Court noted that the federal declaratory judgment claim would remain, pending resolution of Count I (the FLSA claim). Ct. Doc. No. 262, p. 33. In its Order dated August 3, 2020, the Court subsequently dismissed the "FLSA and declaratory judgment claims of the opt-in plaintiffs without prejudice." Ct. Doc. No. 277, p. 14. Given this, Defendants believe the federal declaratory relief claim has been dismissed and no longer remains. The parties further agree that Count V should be dismissed without

prejudice, as agreed upon between the parties as memorialized in footnote 1 of Defendants' motion for summary judgment.

Respectfully submitted,

| | |
|---|---|
| /s Shawn J. Wanta | /s Amy P. Dieterich |
| Shawn J. Wanta, *pro hac vice* | Amy P. Dieterich |
| Christopher D. Jozwiak, *pro hac vice* | SKELTON, TAINTOR & ABBOTT |
| Scott A. Moriarity, *pro hac vice* | 95 Main Street |
| BAILLON THOME JOZWIAK & WANTA LLP | Auburn, ME 04210 |
| 100 South Fifth Street, Suite 1200 | Telephone: 207-784-3200 |
| Minneapolis, MN 55402 | adieterich@sta-law.com |
| Telephone: (612) 252-3570 | |
| Fax: (612) 252-3571 | |
| samoriarity@baillonthome.com | |
| sjwanta@baillonthome.com | |
| cdjozwiak@baillonthome.com | |
| | |
| Gordon Rudd, *pro hac vice* | Susan E. Ellingstad, *pro hac vice* |
| David Cialkowski, *pro hac vice* | Rachel A. Kitze Collins, *pro hac vice* |
| ZIMMERMAN REED PLLP | Brian D. Clark, *pro hac vice* |
| 1100 IDS Center | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| 80 South 8th Street | 100 Washington Avenue South, Suite 2200 |
| Minneapolis, MN 55402 | Minneapolis, MN 55401 |
| Telephone: (612) 341-0400 | Telephone: (612) 339-6900 |
| Gordon.Rudd@zimmreed.com | Fax: (612) 339-0981 |
| David.Cialkowski@Zimmreed.com | seellingstad@locklaw.com |
| | rakitzecollins@locklaw.com |
| | bdclark@locklaw.com |

Charles E. Schaffer, *pro hac vice*
LEVIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Fax: (215) 592-1500
cschaffer@lfsblaw.com

*Attorneys for Plaintiffs*

/s Peter Bennett
Peter Bennett, Esq.
Frederick B. Finberg, Esq.
The Bennett Law Firm, P.A.

121 Middle Street, Suite 300
Portland, Maine  04101
Telephone: (207) 773-4775

and

Kevin P. Hishta, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart
191 Peachtree St., NE, Suite 4800
Atlanta, GA 30303
(404) 881-1300

Margaret S. Hanrahan, Esquire
Lia A. Lesner, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart
201 South College Street, Suite 2300
Charlotte, NC  28244
(704) 342-2588

*Attorneys for Defendants*

44310539.1