UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY NOLL, individually and, on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:15-cv-00493-LEW |
| FLOWERS FOODS INC, LEPAGE BAKERIES PARK STREET, LLC., and CK SALES CO., LLC, | ) ) ) ) | |
| Defendants | ) | |

**PROCEDURAL ORDER**

On September 10, 2020, I amended a prior judgment and vacated final judgment, in order to reinstitute a state law class action claim for invalid paycheck deductions found in Count IV of the Complaint.  I also directed the parties to meet and confer and report back on the following issues: (1) subject matter jurisdiction; (2) what remains, if anything, of Count II (declaratory judgment for the Rule 23 class); (3) what remains, if anything, of Count V (contract rescission / quantum meruit); (4) expert report supplementation; and (5) whether to assess any remaining claims(s) through a second round of summary judgment practice.  On September 22, 2020, the parties reported their respective positions on these matters.  Status Report (ECF No. 291).  This Procedural Order addresses the outstanding concerns.

### 1. Jurisdiction

The parties agree that jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), given the amount in controversy and the citizenship of the parties. Although the parties do not provide a representation concerning the amount presently in controversy, it is appropriate for the Court to retain jurisdiction even if the paycheck deduction claims on their own do not cross the five million dollar Class Action Fairness Act threshold. *Ferrari v. Best Buy Co.*, No. 14-CV-2956, 2016 WL 5508818, at *3 (D. Minn. Sept. 28, 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.")). I am satisfied that the continued exercise of jurisdiction over Count IV is appropriate.

### 2. Count II

Count II of the Complaint asserts a declaratory judgment claim and requests that the Court declare that Defendants misclassified Plaintiffs and the Rule 23 class as independent contractors, and that Plaintiffs and the class are, in fact, Defendants' common law employees. In the Summary Judgment Order (ECF No. 262), I dismissed Count II because I concluded the Maine outside sales exemption precluded Plaintiffs' claim for unpaid overtime. Without a viable state claim for unpaid overtime, the declaratory judgment claim about misclassification was effectively moot for purposes of Maine law. At least that was my thinking, which I explain now, here. *See Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) ("With limited

exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.").

However, when I asked the parties whether anything remained of Count II, my concern was whether a state law claim for declaratory relief should coincide with the paycheck deduction claim in Count IV. In other words, I wanted to know whether proof of misclassification is essential to relief on the paycheck deduction claim. Instead of addressing that question, as I had hoped, Plaintiffs argue I should reinstate a federal claim under Count II. Plaintiffs' request that I reinstitute a federal declaratory judgment misclassification claim is DENIED. I have decertified the collective action and dismissed with prejudice Plaintiff Noll's FLSA claim for unpaid overtime wages. That renders the federal declaratory judgment claim moot.

Although it is not entirely clear to me, it appears that perhaps Maine law does not require Plaintiffs to prove they are common law employees misclassified as independent contractors in order to obtain relief under subchapter 2 of Title 26. *See Beckwith v. United Parcel Serv.*, 711 F. Supp. 655, 658 (D. Me.) (reasoning that the "employee" concept for a § 629 claim extends to all "working people who are dependent upon full and regular wage payments to meet their weekly needs" (quoting *Knoppers v. Rumford Community Hosp.*, 531 A.2d 1276, 1280 (Me. 1987)), *aff'd sub nom. Beckwith v. United Parcel Serv., Inc.*, 889 F.2d 344 (1st Cir. 1989); *and compare* 26 M.R.S. § 626 ("For purposes of this *section*, the term 'employee' … does not include an independent contractor." (emphasis added)) *with* § 629 (lacking a similar preclusion of relief for independent contractors). However,

other precedent suggested to me that "employee" status is a prerequisite to § 629 relief. *Scovil v. FedEx Ground Package Sys., Inc.*, 886 F. Supp. 2d 45, 47 (D. Me. 2012) ("The drivers assert that *as a result of the alleged misclassification*, FXG violated two Maine statutes that apply to employees, one requiring overtime pay, 26 M.R.S.A. § 664, the other prohibiting certain deductions from employee paychecks, 26 M.R.S.A. § 629." (emphasis added)).

Because Plaintiffs do not request that I reinstitute Count II to preserve a state law declaratory judgment claim, I leave the dismissal of Count II undisturbed.

**3.     Count V**

The parties agree that Count V should be dismissed without prejudice.

**4.     Expert Report Supplementation**

The parties' proposal for expert report supplementation is appropriate.

**5.     Summary Judgment**

Defendants propose that there be a second round of summary judgment proceedings to refine or potentially resolve the paycheck deduction claim. Plaintiff opposes the request.

Because of the disruption of court proceedings caused by the COVID-19 virus, it will be months before this matter finds its way into the courtroom. The Court agrees with Defendants that there is good cause, in the interim, to amend the scheduling order to permit the parties to file a summary judgment motion exclusively in relation to the paycheck deduction claim. Specifically, the parties are permitted to present a summary judgment motion on the following limited issues: (1) the scope of recoverable deductions and (2)

whether treble damages are recoverable on the claim.

Each party intending to file a motion for summary judgment on the foregoing issues may do so on or before October 30, 2020.  Opposition papers will be filed on or before December 4, 2020.  The reply deadline is December 11, 2020.  Memoranda length will comply with Local Rule 7(e).  Absent a prior showing of special need, a party who files a motion for summary judgment will limit the supporting statement of material facts to 30 fact statements (total), and the opposing party will limit the opposing statement of additional material facts to 30 fact statements (total).  The parties may introduce additional statements by stipulation.

**SO ORDERED.**

Dated this 29th day of September, 2020.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE