UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY NOLL, et al., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | 1:15-CV-00493-LEW |
| | ) | |
| FLOWERS FOODS, INC., et al., | ) | |
| | ) | |
| DEFENDANTS | ) | |

## ORDER ON MOTION FOR RECONSIDERATION

The matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 293). Through the Motion, Plaintiffs ask that I reconsider the entry of summary judgment in favor of Defendants, which judgment was based, in part, on the finding that Plaintiffs' activities bring them within the scope of the Motor Carrier Act exemption pertaining to engagement in interstate commerce. Plaintiffs argue I should vacate that finding and any resulting legal conclusion because Defendants presented in another action, *Martins v. Flowers Foods*, *Inc.*, No. 8:16-cv-3145 (M.D. Fla.), arguments that distributors in Florida are not "transportation workers" for purposes of the residual exemption clause found in Section 1 of the Federal Arbitration Act.

Contrary to Plaintiffs' argument for reconsideration, Defendants' FAA argument is not logically incompatible with their MCA argument. *Bissonette v. Lepage Bakeries Park St.*, *LLC*, 460 F. Supp. 3d 191, 199-202 & n.11 (D. Conn. 2020) (acknowledging that distributors participate in interstate commerce, but also finding that they are not

1

transportation workers for purposes of the FAA).  Nor would it necessarily matter if the arguments were incompatible. *Martel v. Stafford*, 992 F.2d 1244, 1248 (1st Cir. 1993) ("[S]tatements contained in briefs submitted by a party's attorney in one case cannot routinely be used in another case as evidentiary admissions of the party.").

Ultimately, my task during the summary judgment review process was to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)), not to evaluate whether a legal argument presented in a different action on an issue that was not advanced in this action should pave a path to trial for Plaintiffs regardless of the evidence presented in the summary judgment record.  Nevertheless, when I consider the supposedly conflicting positions, it strikes me that they can be reconciled given the different legal issues under consideration. For these reasons, I disagree with Plaintiffs' contention that their supplemental reconsideration record raises "serious concerns about the evidence and the integrity of the [summary judgment] proceedings."  Plaintiffs' Reply at 3 (ECF No. 297).

Plaintiffs' Motion for Reconsideration is **DENIED.**

**SO ORDERED.**

Dated this 2nd day of February, 2021.

      /s/ Lance E. Walker
    UNITED STATES DISTRICT JUDGE