DocuSign Envelope ID: 7D4C59857D2F0519D9D7D-D9A0CAAB74AA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY NOLL, individually and on behalf of all similarly situated individuals,<br><br>     Plaintiff,<br><br>v.<br><br>FLOWERS FOODS, INC., LEPAGE BAKERIES PARK STREET LLC AND CK SALES CO., LLC,<br><br>     Defendants. | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Civil Action No.: 1:15-cv-00493-LEW |

B0118479.1

DocuSign Envelope ID: 7F5C6985EDA4-04519-DE907D-D916CAB7AAA

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Named Plaintiff Timothy Noll, on behalf of himself and any corporation or business entity through which he operated, and on behalf of each of the Settlement Class Members, and any corporations or business entities through which they operated; and (b) Flowers Foods, Inc. ("Flowers Foods"), CK Sales Co., LLC ("CK Sales") and Lepage Bakeries Park Street, LLC. ("Lepage") (collectively, "Defendants").[1]

As provided below, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Settlement Effective Date, the Action captioned above shall be settled and compromised upon the terms and conditions set forth in this Settlement Agreement and will be dismissed with prejudice. This Settlement Agreement is intended by the Parties fully and finally to compromise, resolve, discharge, release, and settle the Released Claims and to dismiss the Action with prejudice, subject to the Court's approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that upon the Settlement Effective Date: (1) the Action shall be settled and compromised as between the Parties, and (2) the Proposed Final Approval Order and Judgment for this Action, in a form to be submitted by the Parties in connection with final approval, shall be entered dismissing the Action with prejudice and releasing all Released Claims against all Releasees on all on the following terms set forth herein.

---

[1] Capitalized terms used herein are defined in Section 3 below.

# 1. Table of Contents

| 1. | Table of Contents | 2 |
|----|----|---|
| 2. | Table of Exhibits | 3 |
| 3. | Definitions | 4 |
| 4. | Jurisdiction | 13 |
| 5. | Statement of No Admission | 14 |
| 6. | Claims of the Named Plaintiff and Benefits of Settlement | 15 |
| 7. | Non-Monetary Injunctive Relief Applicable to All Current Distributor Class Members and FLSA Plaintiffs Whether or Not They Are Settlement Class Members | 15 |
| 8. | Waiver, Release and Dismissal | 18 |
| 9. | Required Events and Cooperation by the Parties | 20 |
| 10. | Settlement Administration | 23 |
| 11. | Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights | 26 |
| 12. | Payment from the Settlement Fund | 32 |
| 13. | Settlement Fund Allocation | 33 |
| 14. | Attorneys' Fees and Costs | 34 |
| 15. | Miscellaneous Provisions | 35 |
| 16. | Named Plaintiff's Certification | 39 |

## 2.    Table of Exhibits

Exhibit 1A - to Current Distributor Class Members who are not a Named Plaintiff or an FLSA Plaintiff .................................................................................................................

Exhibit 1B - Notice to former distributor Class Members who are not a Named Plaintiff or an FLSA Plaintiff...............................................................................................................

Exhibit 2A -Notice to Current Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff.................................................................................................................

Exhibit 2B - Notice to former distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff.................................................................................................................

Exhibit 3 – Showing of Interest Form...............................................................................

Exhibit 4 – Reminder Notice ...........................................................................................

Exhibit 5 – Form of Preliminary Approval Order ...........................................................

DocuSign Envelope ID: 7F4C6985-D7A4-4510-9D07-D910CAB7AAA3

## 3.     Definitions

3.1.     <u>Action</u>: means the above-captioned lawsuit: *Noll, individually and on behalf of all other similarly situated individuals v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC,* Case No. 1:15-cv-00493-LEW, pending in the United States District Court for the District of Maine. The following other related cases may also be referenced herein, including *Aucoin, et al. v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC,* Civil Action No. 1:20-cv-00410-LEW, pending in the United States District Court for the District of Maine ("Aucoin"); and *Bowen, et al. v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC*, Civil Action No. 1:20-cv-00411-LEW, pending in the United States District Court for the District of Maine ("Bowen").

3.2.     <u>Agreement or Settlement Agreement</u>: means this Settlement Agreement, including all Exhibits attached hereto.

3.3.     <u>Attorneys' Fees and Costs</u>: means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees, costs, and expenses in this Action as well as in *Bowen* and *Aucoin*, as described more fully below. Upon approval of the Court, and within the specified period after the Effective Date, Defendants will pay, either directly or through the Settlement Administrator, Class Counsels' Attorneys' Fees and Costs. Such Attorneys' Fees and Costs will be paid outside of, and separate and apart from, the Settlement Fund.

3.4.     <u>Buy Back Schedule</u>: means the estimated repurchase schedule for Current Distributor Class Members and FLSA Plaintiffs as described in Section 7 below.  All Current Distributor Class Members and FLSA Plaintiffs are subject to the Buy Back Schedule, and will have their Distributor Agreements terminated, and their territories repurchased as part of the Rule 23(b)(2) injunctive relief created by this Settlement Agreement. As described in Section 7 below,

such Current Distributor Class Members and FLSA Plaintiffs will thereafter operate for Lepage (or an affiliated entity) as retail sales representatives provided they otherwise qualify for employment and are interested.

    3.5.  <u>Class Counsel</u>: means Shawn J. Wanta of Baillon Thome Jozwiak & Wanta LLP; Susan Ellingstad of Lockridge Grindal Nauen, PLLP; and J. Gordon Rudd of Zimmerman Reed LLP.

    3.6.  <u>Class Member</u>:  means any individual who, either individually or on behalf of a corporation or business entity, operated under a Distributor Agreement with CK Sales/Lepage during the Covered Period in the State of Maine.

    3.7.  <u>Class Representative or Named Plaintiff</u>: Timothy Noll.

    3.8.  <u>Class Settlement Notice or Settlement Notice</u>: means the form of notices attached as: (i) Exhibit 1A, to be disseminated to Current Distributor Class Members who are not the Named Plaintiff or an FLSA Plaintiff informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement, to exclude themselves from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 below) or to object, to appear at the Fairness Hearing, and to submit a Showing of Interest Form, on the form attached as Exhibit 3; (ii) Exhibit 1B, to be disseminated to former distributor Class Members who are not the Named Plaintiff or an FLSA Plaintiff, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement, to exclude themselves from the Settlement or to object, and to appear at the Fairness Hearing; (iii) Exhibit 2A, to be disseminated to Current Distributor FLSA Plaintiffs who are also Class Members but not the Named Plaintiff, informing them about the terms of this Settlement Agreement, including their right to withdraw and exclude themselves from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth

DocuSign Envelope ID: 7F4C69357D24D519D9D7D-D9-10CABZ4AA

in Section 7 below), how to object, and how to submit a Showing of Interest Form (Exhibit 3) for the opportunity to apply for employment; (iv) Exhibit 2B, to be disseminated to former distributor FLSA Plaintiffs who are also Class Members but not the Named Plaintiff, informing them of terms of this Settlement Agreement, their right to withdraw and exclude themselves from the Settlement; and how to object. A "Reminder Notice" in the form of Exhibit 4 will be sent to any Current Distributor Class Member or FLSA Plaintiff who has not submitted a Showing of Interest Form for the employment opportunity within the 45 days of the Notice Period.

3.9.  <u>Court</u>: means the United States District Court for the District of Maine.

3.10.  <u>Covered Period</u>: means, for Maine claims, from December 2, 2012 through the date of Preliminary Approval.

While the Covered Period encompasses the time frame outlined above, such Covered Period will be calculated on an individual basis using the dates during which each individual was a distributor and any other relevant information. While the Covered Period ends on the date of Preliminary Approval, as set forth in Section 3.24 below, the Released Claims shall extend up to and including the date of Final Approval.

3.11.  <u>Current Distributor Class Members and FLSA Plaintiffs</u>: means any Class Member and FLSA Plaintiff who is operating under a Distributor Agreement, either individually or on behalf of his/her corporation or business entity, on the date the Distributor Agreement will be terminated and the distribution rights repurchased pursuant to the Buy Back Schedule set forth in Section 7 below. Following the date of Preliminary Approval, the Parties agree that there shall be no further sales or attempted sales of distribution rights in order to effectuate the terms of the Settlement.

3.12.   Defendants: mean the Defendants in this lawsuit, Flowers Foods, CK Sales, and Lepage.

3.13.   Defense Counsel: means Kevin Hishta and Margaret Santen Hanrahan of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and Frederick Finberg and Peter Bennett of The Bennett Law Firm, P.A.

3.14.   Employment Showing of Interest Form: shall be the form presented to Current Distributor Class Members and FLSA Plaintiffs, in the form attached as Exhibit 3, to be sent with the Settlement Notice, informing them about the opportunity to apply for employment with Lepage (or an affiliated entity) and asking them to affirmatively indicate whether they are interested in applying for employment.

3.15.   Effective Date or Settlement Effective Date: shall be the first day after the first date on which all of the following have occurred:

3.15.1.   Named Plaintiff and Defendants' duly authorized representatives have executed this Agreement;

3.15.2.   The Court has preliminarily approved this settlement;

3.15.3.   Reasonable notice has been sent to Class Members and FLSA Plaintiffs as set forth herein;

3.15.4.   The Court has approved the settlements in *Bowen* and *Aucoin* and entered final judgment in those cases;

3.15.5.   The Court has held a Fairness Hearing under Rule 23(e), has entered an order granting final approval of the settlement that is the same in all material respects as that set forth in this Agreement, has entered final

judgment, has awarded Named Plaintiff any Service Award, and has awarded Class Counsel their reasonable Attorneys' Fees and Costs; and

3.15.6. Only if there are written objections filed before the Fairness Hearing and those objections are not later withdrawn, the last of the following events to occur:

3.15.6.1. If no appeal is filed, then the date on which the time to appeal the Final Approval Order and Judgment for the Action has expired with no appeal or any other judicial review having been taken or sought; or

3.15.6.2. If an appeal of the Final Approval Order and Judgment for the Action has been timely filed or other judicial review was taken or sought, the date that Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

3.15.6.3. It is the intention of the Parties that the settlement shall not become effective until the Court's Final Approval Order and Judgment for the Action, and the Court's Approval Orders and Judgments in *Bowen* and *Aucoin*, have become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the settlement.

3.16. <u>Exclusion Date</u>: means the date, to be set by the Court, by which an Exclusion Request must be submitted to the Settlement Administrator by a Class Member, including a Class Member who is also an FLSA Plaintiff (but not a Named Plaintiff) to be excluded from the Settlement Class.

3.17. <u>Exclusion Request</u>: means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Exclusion Date by a Class Member,

including a Class Member who is also an FLSA Plaintiff (but not a Named Plaintiff), and who wishes to be excluded from the Settlement Class. Any such Exclusion Request shall not apply to the Rule 23(b)(2) injunctive relief discussed in Section 7 below, including the termination of Distributor Agreements and repurchase of distribution rights according to the Buy Back Schedule, which applies to all Current Distributor Class Members and FLSA Plaintiffs whether they exclude themselves and withdraw or not.

3.18.   Fairness Hearing: means the hearing to be conducted by the Court about its determination of the fairness, adequacy, and reasonableness of the Settlement Agreement in accordance with Rule 23(e).

3.19.   Final Approval Order and Judgment or Final Approval: means the final order to be entered by the Court that grants final approval of the settlement and enters judgment dismissing the Action with prejudice and that: (i) conforms to this Settlement Agreement, (ii) approves the settlement and the Settlement Agreement as fair, adequate, and reasonable, (iii) confirms the certification of the Settlement Class for purposes of the settlement only, and (iv) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the settlement and implement the Settlement Agreement.

3.20.   FLSA Plaintiffs: means those individuals who are Plaintiffs in the *Bowen* or *Aucoin* Actions, specifically including the following: Michael Bowen, Michael A. Campbell, Jeffrey Clark, Clifford Cyr, Michael Deschenes, Ernest Dore, Jeffrey Gagne, David Googins, Thomas Herrin, Paul Roy, James Snow, Stephen M. Temm, Richard Veilleux, Nicholas Aucoin, Michael Barlow, Normand Belanger, Jason Britton, Allen Burns, Peter Carr, Daniel Cofone, Denis Crepeau, Richard Curran, Edward Henningsen, Jr., Michael Mendes, Jeffrey Smith, Roger Swedberg, Dennis Corson, Paul Masse, Patrick Huff, Travis Pinette, and Gary White.

3.21.   Notice Program: means the plan approved by the Court for disseminating the
Settlement Notices as set forth herein.

3.22.   Objection Date: means the date, to be set by the Court, by which objections to the
Settlement must be submitted by Class Members or FLSA Plaintiffs who are not a Named Plaintiff.

3.23.   Party or Parties: means the Named Plaintiff, FLSA Plaintiffs, Defendants, or any
one of those entities.

3.24.   Preliminary Approval: means the order to be entered by the Court, substantially in
the form of Exhibit 5, that:

(a)      preliminarily approves this Settlement Agreement;

(b)      sets the date of the Fairness Hearing;

(c)      appoints Class Counsel for the Settlement Class Members;

(d)      approves the forms of Settlement Notice and the Notice Program;

(e)      sets the date that Settlement Notices should issue;

(f)      sets the end of the Notice Period;

(g)      sets the Exclusion Date and Withdrawal Date;

(h)      sets the deadline for submission of the Showing of Interest Form for the
employment opportunity; and

(i)      sets the deadline for filing objections to the settlement.

3.25.   Released Claims: mean any and all claims, demands, causes of action, rights to
relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or
could have been asserted in this Action, that the Settlement Class Members have or may have
against any of the Releasees (as defined below), from the beginning of time through the date of
final approval, including, but not limited to, all claims under common law contract, tort, or other
law, as well as all claims under federal, state, local, or foreign laws, including but not limited to

all claims arising under Maine, or other applicable state's Wage and Labor Laws; Maine or other applicable state's common law; Maine or other applicable state's administrative law; or Maine or other applicable state's statutory law that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Settlement Class Members' alleged misclassification as independent contractors; any other claim allegedly arising from the Settlement Class Members' alleged misclassification as independent contractors while performing services under a Distributor Agreement with CK Sales/Lepage or any predecessor entity; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations. Released Claims shall not include any FLSA claims of any Settlement Class Members who are not also the Named Plaintiff or a FLSA Plaintiff. For Named Plaintiff and for FLSA Plaintiffs who do not withdraw and exclude themselves, Released Claims shall include any and all FLSA claims in addition to all claims set forth in this Section above.

3.26.   <u>Releasees</u>: means Flowers Foods, CK Sales, Lepage, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, members, managers, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns.

3.27.   <u>Settlement Administrator</u>: means Atticus Administration, 1250 Northland Drive, Suite 240, Mendota Heights, MN 5512.

3.28. Settlement Class or Settlement Class Member: means any Class Member who receives the Settlement Notice and who does not submit a valid Exclusion Request pursuant to the terms of this Agreement, Named Plaintiff, and any FLSA Plaintiffs who are also Class Members (but not the Named Plaintiff) who do not withdraw by the Withdrawal Date and who do not submit a valid Exclusion Request.

3.29. Settlement Fund or Common Fund: means a qualified settlement fund established under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, to be funded by Defendants in the amount of up to $9 million dollars, which includes the Service Award to Named Plaintiff and any payments to current Settlement Class Members in this Action or in *Bowen* or *Aucoin*, established at a United States bank jointly selected by Defendants and the Settlement Administrator. The settlement shares will be calculated according to a formula more fully described in Section 13.2 below. This qualified Settlement Fund shall be non-reversionary except any monies allocated to the claims of those distributors in the following groups shall not be funded by Defendants: (1) Class Members (who are not also FLSA Plaintiffs or Named Plaintiff) who file a valid Exclusion Request by the Exclusion Date; (2) FLSA Plaintiffs who are also Class Members (but not the Named Plaintiff) who file a valid Exclusion Request and contact Class Counsel to withdraw from the Action by the Withdrawal Date. The Settlement Administrator shall pay all monies payable to the Settlement Class Members (including the Service Award) from the Settlement Fund. Payment for Attorneys' Fees and Costs to Class Counsel under this Settlement Agreement shall be paid outside of the Settlement Fund.

3.30. Settlement Notice Period or Notice Period: means the Period Set by the Court for Class Members to review the Settlement Notice, determine whether they want to participate or exclude themselves from the Settlement Class (except for the Rule 23(b)(2) injunctive relief,

discussed in Section 7 below, which applies whether they exclude themselves and withdraw or not) or object, as applicable; and, for Current Distributor Class Members or FLSA Plaintiffs to decide whether they want to submit the Showing of Interest Form for the employment opportunity with Lepage.

3.31.   Service Award: means the $10,000 payment to Named Plaintiff to be paid from the Settlement Fund to compensate him for his efforts on behalf of the Settlement Class.

3.32.   Withdrawal Date: means the date to be set by the Court by which an FLSA Plaintiff must contact Class Counsel to withdraw from the Action.

## 4.   Jurisdiction

4.1.   The Court has jurisdiction over the Parties and the subject matter of this Action.

4.2.   If the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice. In the event there is a dispute concerning the enforcement of the terms of this Settlement Agreement, the Parties agree to confer in good faith in an attempt to resolve any such dispute before initiating any subsequent enforcement action.

4.3.   The Parties stipulate that, for settlement purposes only, the Settlement satisfies the requirements of Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and therefore approval of this Settlement Agreement is appropriate. In so stipulating, Defendants do not waive or abandon any arguments they may have that that certification of the Rule 23 class is improper under Rule 23(b)(2) or 23(b)(3). Defendants' consent to certification for settlement purposes is in no way an admission that Rule 23 certification would be proper absent a settlement.

4.4.   Failure to obtain the Preliminary or Final Approval of this Settlement Agreement in the same or substantially similar formats proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Final Approval Order and Judgment in this

Action or in the *Bowen* or *Aucoin* Actions, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect.

4.5.    In the event this Settlement Agreement becomes void or unenforceable, any monies held in the Settlement Fund shall remain the property of and shall be returned to Defendants, the Parties' litigation positions shall revert to the status quo ante prior to the execution of this Settlement Agreement, and the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, defenses, or objections in the Action, including arguments for or against class certification or decertification.

## 5.    Statement of No Admission

5.1.    Defendants deny liability upon any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendants deny that the Settlement Class is entitled to relief of any kind in the Action.

5.2.    This Settlement Agreement does not constitute an admission by Defendants as to the merits, validity, or accuracy of the allegations or claims made against them in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendants.

5.3.    Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

6.    **Claims of the Named Plaintiff and Benefits of Settlement**

6.1.    Named Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed through extensive written and deposition discovery supports his claims. However, Named Plaintiff and Class Counsel recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial and through appeals, along with the uncertain nature of certain damages and affirmative defenses.

6.2.    Named Plaintiff and Class Counsel have considered the uncertain outcome and the risk of these Action, especially the class action components of the Action, as well as the difficulties, delays, and risks of collection inherent in litigation.

6.3.    Named Plaintiff and Class Counsel believe that the Settlement Agreement confers substantial benefits upon Named Plaintiff and Class Members and is fair, reasonable, adequate, and in the best interests of Named Plaintiff and Class Members.

7.    **Non-Monetary Injunctive Relief Applicable to All Current Distributor Class Members and FLSA Plaintiffs Whether or Not They Are Settlement Class Members**

7.1.    The Parties have agreed to injunctive relief as part of the settlement pursuant to Rule 23(b)(2), as more fully set forth herein, which shall apply to all Current Distributor Class Members and FLSA Plaintiffs whether they exclude themselves and withdraw or not. This injunctive relief is the product of extensive and arms-length negotiations between the Parties and their counsel. Subject to the terms and conditions of this Settlement Agreement and for purposes of settlement only, the parties agree to move jointly for the Court to enter an injunction that will apply to Defendants only by their consent, that will apply only in this action, and that will contain only the express terms and conditions of injunctive relief provided for in this Settlement Agreement.

7.2.    All Distributor Agreements of Current Distributor Class Members and FLSA Plaintiffs (including all Agreements with Current Distributor Class Members' and FLSA Plaintiffs' corporations or other business entities) will be terminated on or before six months from Final Approval, and all Current Distributor Class Members and FLSA Plaintiffs will operate for Lepage (or an affiliated entity) as route sales representatives, provided they otherwise qualify for employment and are interested.

7.3.    Each Distributor Agreement will be deemed terminated on the date of repurchase in accordance with the Buy Back Schedule below:

7.3.1.    The initial warehouse(s) shall be converted within thirty (30) days of Final Approval;

7.3.2.    The warehouses will thereafter be converted in six phases, by warehouse, in three or four week intervals as determined by Lepage/CK Sales;

7.3.3.    Lepage/CK Sales will endeavor to convert all Maine warehouses within one hundred eighty (180) days of Final Approval;

7.3.4.    The parties will develop an extended conversion schedule in the event more than 10% of Current Distributor Class Members or FLSA Plaintiffs indicate they are not interested in pursuing employment with Lepage/CK Sales (or an affiliated entity).

7.4.    Upon termination of a Distributor Agreement, Lepage/CK Sales will repurchase distribution rights for the sum of ten (10) times average weekly branded sales calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by FLOFIN.

7.5.    For any distributor which assigned its distribution rights as collateral for a loan to a third-party lender, the distributor and Lepage/CK Sales shall notify such lender of the repurchase

of the distributor's distribution rights, and any outstanding balance owed to such lender shall be deducted from the repurchase payment as calculated above.

    7.6.    In the event a distributor's territory value is less than an outstanding FLOFIN note, Lepage will not seek repayment of this deficit, and any rights Lepage or any successor to the rights or interest may have to such deficit is extinguished.

    7.7.    At the time of repurchase, distributors and Lepage/CK Sales shall settle outstanding debits and credits in accordance with normal settlement procedures.

    7.8.    Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect, distributors shall continue to comply with all obligations under the Distributor Agreement, and Lepage/CK Sales reserves all rights under the Distributor Agreement to address any breaches of the Distributor Agreement. However, before issuing a non-curable breach, Defendants will provide Class Counsel with a copy of the non-curable breach letter setting forth the nature of the alleged violation and planned action, including the contractual basis for the same.

    7.9.    In the event a distributor fails to service its territory or territories in accordance with the terms of the Distributor Agreement until the repurchase date, the distributor will be charged the operating expenses incurred by Lepage/CK Sales for operating such territory or territories. If Lepage/CK Sales terminates a distributor's Distributor Agreement for reasons other than territory abandonment, and Class Counsel does not believe Defendants have a contractual right to terminate the Distributor Agreement under the circumstances, the parties agree to meet and confer in good faith to discuss whether any reduction in operating expense charges may be appropriate under the individualized circumstances.

DocuSign Envelope ID: 751C5990-07F3-419E-907D-D91BCA9B7AA3

7.10.   At or around the time of repurchase, distributor shall execute documents reflecting a conveyance of distribution rights to Lepage/CK Sales and all other documents required by the Distributor Agreement upon the conveyance of such distribution rights.

7.11.   Following the date of Preliminary Approval, the Parties agree that there shall be no further sales or attempted sales of distribution rights in order to effectuate the terms of the Settlement.

7.12.   Class Counsel does not approve nor are they responsible for any employment terms that will be implemented. The Parties agree that Lepage/CK Sales will be responsible for setting all such employment terms, which will not be part of the Settlement Agreement.

7.13.   The Parties agree that Lepage/CK Sales will provide to Class Counsel a list of the general screening procedures for employment so that Class Counsel can answer any questions they may receive from current distributor Class Members, FLSA Plaintiffs, or Named Plaintiff on the employment opportunity.

7.14.   The Parties will cooperate to develop a communications plan to explain the Lepage employment opportunity to Current Distributor Class Members and FLSA Plaintiffs who are interested in exploring this option.

## 8.   Waiver, Release and Dismissal

8.1.   Upon the Settlement Effective Date, all Settlement Class Members will be bound by the terms and conditions of this Settlement Agreement, and, all Current Distributor Class Members and FLSA Plaintiffs will be bound by the non-monetary Rule 23(b)(2) injunctive relief set forth in Paragraph 7 above, whether or not they file a valid Exclusion Request or withdraw.

8.2.   Upon the Settlement Effective Date, each Settlement Class Member, on behalf of himself and his respective agents, representatives, executors, estates, heirs, administrators,

attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

8.3.    In exchange for this release of claims by the Settlement Class (in this Action and in *Bowen* and *Aucoin*), Defendants will pay the sum of: (1) up to $9 million into the Settlement Fund; and (2) $7.5 million (or such other amount as the Court may award) for Attorneys' Fees and Costs, directly or indirectly to Class Counsel through the Settlement Administrator, within ten business days after the Settlement Effective Date of these Action. At their discretion, Defendants may pay these amounts earlier.

8.4.    Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency; provided, however, that no Settlement Class Member shall seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

8.5.    Named Plaintiff represents and warrants that he has not sold, assigned, pledged, or otherwise transferred any Released Claims.

8.6.    It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and Named Plaintiff's signing of this Settlement Agreement, when approved by the Court and such approval has become final, fully effectuates the above releases on behalf of the remaining Settlement Class Members. The checks issued to all Settlement Class Members shall

also have appropriate agreed-upon release language on the back of each check. Named Plaintiff shall also separately sign a General Release of Claims.

8.7.    The Parties agree to seek an order dismissing the Action with prejudice and such other and additional orders upon the Final Approval Order and Judgment.

## 9.    Required Events and Cooperation by the Parties

9.1.    As soon as reasonably practicable after execution of the Settlement Agreement, the Parties shall submit the Settlement Agreement, including all Exhibits, to the Court for its Preliminary Approval and shall jointly move the Court for entry of an order for the Action, substantially in the form of Exhibit 5, which by its terms shall:

9.1.1.    Determine preliminarily that this Settlement Agreement and the terms set forth herein fall within the range of reasonableness under Rule 23 meriting possible Final Approval, thus making dissemination of Settlement Notices appropriate as set forth herein, and direct that, within ten days of filing for Preliminary Approval, Defendants shall provide notice of this proposed Settlement in compliance with the Class Action Fairness Act of 2005 ("CAFA").

9.1.2.    Schedule the Fairness Hearing to: (i) determine finally whether the proposed settlement satisfies the applicable requirements of Rule 23; (ii) review objections, if any, regarding the Settlement Agreement; (iii) consider the fairness, reasonableness, and adequacy of the Settlement Agreement and its terms; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of any Exclusion Requests and exclude from the Settlement Class those persons who are eligible to exclude themselves under the terms set forth herein and who validly and timely exclude themselves by the Exclusion Date (except that such Exclusion shall not apply to the Rule 23(b)(2) injunctive relief

DocuSign Envelope ID: 75DE5990-D2E3-49DC-907D-D918CA0B7AA3

set forth in Section 7); and (vi) consider whether the Court shall issue the Final Approval Order and Judgment, approving the settlement and dismissing the Action with prejudice.

9.1.3. Set a briefing schedule for: (i) a joint motion for final approval; (ii) Class Counsel's motion for attorneys' fees; and (iii) Named Plaintiff's motion for Service Award;

9.1.4. Approve the proposed Settlement Notices and Notice Program;

9.1.5. Direct the Settlement Administrator to cause the Settlement Notice to be disseminated in the manner set forth in the Notice Program on or before the Settlement Notice Deadline;

9.1.6. Determine that the Settlement Notices and the Notice Program: (i) meet the requirements of Rule 23(c)(3) and due process; (ii) are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise applicable Class Members of the pendency of the Action, their right to object to the proposed Settlement, exclude themselves from the settlement (except for the injunctive relief under Rule 23(b)(2) set forth in Section 7 above), or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate, and sufficient notice to all those entitled to receive notice.

9.1.7. Require each Class Member who is not also the Named Plaintiff or a FLSA Plaintiff who wishes to exclude himself or herself from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 above) to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator;

9.1.8. Require each FLSA Plaintiff who is also a Class Member (but not the Named Plaintiff) who wishes to exclude himself or herself from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 above) to submit a timely and valid written

DocuSign Envelope ID: 751C5990-02F3-49E3-807D-D918CA9B7AA3

Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator and contact Class Counsel to withdraw from the Action by the Withdrawal Date.

    9.1.9.    Order that all Settlement Class Members will be bound by all proceedings, orders, and judgments in this Action and that all Current Distributor Class Members and FLSA Plaintiffs will be bound by the injunctive relief set forth in Section 7 above whether they exclude themselves and withdraw or not;

    9.1.10.    Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to the Service Award, to submit to the Court, Class Counsel, and Defense Counsel by the Objection Date a statement of his or her objection; and

    9.1.11.    Establish the following:

    9.1.11.1.    The date and time of the Fairness Hearing, which the Parties agree shall not be on a date or time that is less than 100 days after Preliminary Approval of the Settlement Agreement, or 90 days after notice is sent to the appropriate officials under CAFA, whichever is later;

    9.1.11.2.    The date by which the Settlement Notices shall issue;

    9.1.11.3.    The date by which any Exclusion Request, objections, withdrawal request, and Showing of Interest Form for employment for Current Distributor Class Members and FLSA Plaintiffs who elect this option are due.

    9.2.    The Parties represent and acknowledge that each intends to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable Action and steps to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 10.    Settlement Administration

10.1.    Subject to approval by the Court, the Settlement Administrator shall be responsible for mailing the Settlement Notices; receiving and logging all Showing of Interest Forms for Employment; researching and updating addresses through skip-traces and similar means; answering questions from Settlement Class Members; reporting on the status of the claims administration to counsel for the Parties; sending the notices required by CAFA within the appropriate time period; preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with data regarding Showing of Interest Forms, and Exclusion Requests; distributing settlement checks; reporting and paying, as necessary, applicable taxes on settlement payments; and doing such other things as the Parties may direct.

10.2.    Within seven (7) days after the Court's Preliminary Approval, or within 7 days of the Court's Approval of the *Bowen* or *Aucoin* settlements, whichever is later, Defendants will provide to the Settlement Administrator a database listing of the names, last known addresses, dates contracted by Class Members during the Covered Period, and social security numbers or dates of birth of the Named Plaintiffs, FLSA Plaintiffs, and Class Members.

10.3.    The Settlement Administrator will perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order and Judgment:

10.3.1.    Provide for the Settlement Notices (with the Fairness Hearing dates) to be sent by mail to all applicable Class and FLSA Plaintiffs that can be identified through a reasonable effort;

10.3.2.    Provide to Defense Counsel and Class Counsel, 14 days after the first mailing of the Settlement Notices and then updated every 14 days thereafter: (i) a list of the names

and addresses of all Class Members or FLSA Plaintiffs (a) whose Settlement Notices have been returned to the Settlement Administrator as undeliverable, along with a report indicating steps taken by the Settlement Administrator to locate updated address information for such Class Members and FLSA Plaintiffs and to resend the Settlement Notices, and (b) whose Settlement Notices have been forwarded to an updated address by the United States Postal Service; (ii) a separate list of the names and addresses of all Settlement Class Members who are not the Named Plaintiff who have submitted documents indicating that they wish to object to the settlement; (iii) a separate list of the names and addresses of all Settlement Class Members who are not the Named Plaintiff who have submitted documents indicating that they wish to challenge the payment calculations along with copies of all such documents; and (iv) a separate list of the names of current distributor Settlement Members who have submitted a Showing of Interest Form by the end of the Notice Period.

10.3.3.    Process challenges to the payment calculations and process objections to the Settlement in accordance with this Settlement Agreement;

10.3.4.    Mail settlement payments to Settlement Class Members, as ordered by the Court in the Proposed Final Approval Order, in accordance with this Settlement Agreement;

10.3.5.    Mail payment(s) for Attorneys' Fees and Costs to Class Counsel, as ordered by the Court in the Final Approval Order and as directed by Defendants, in accordance with the Settlement Agreement;

10.3.6.    Mail Service Award to Named Plaintiff, as ordered by the Court in the Final Approval Order;

DocuSign Envelope ID: 75 C5998 02F9 3 19E 907D D91 8C 4B 7A A4 3

10.3.7.   Establish, designate, and maintain a Settlement Fund for the Lawsuit as a "qualified settlement fund" under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1;

10.3.8.   Maintain the assets of the Settlement Fund in a non-interest-bearing escrow account segregated from the assets of Defendants and any person related to Defendants;

10.3.9.   Obtain employer identification numbers for the Settlement Fund pursuant to Treasury Regulation § 1.468B-2(k)(4);

10.3.10.   Prepare and file federal income tax returns for the Settlement Fund, as well as any other tax filings the Settlement Fund must make under federal, state, or local law;

10.3.11.   Prepare, file, and issue all necessary tax reporting forms for the Settlement Fund regarding the distribution of payments to the Settlement Class Members, Class Counsel, and Named Plaintiff as set forth herein;

10.3.12.   Provide Defendants with copies of all tax reporting and filings made for the Settlement Fund, including copies of the checks and the IRS Forms 1099 issued, and any other documentation to show that the tax reporting and filings were timely transmitted to the claimants and the applicable taxing authorities;

10.3.13.   Pay any additional tax liabilities (including penalties and interest) that arise from the establishment and administration of the Settlement Fund solely from the assets of the Settlement Fund without any recourse against Defendants for additional monies;

10.3.14.   Liquidate any remaining assets of the Settlement Fund after all payments to the Settlement Class Members, FLSA Plaintiffs, Named Plaintiff and Class Counsel, have been made and all tax obligations have been satisfied, and distribute all unclaimed funds to the Court-

designated *cy pres* beneficiar(ies). The Parties suggest the Court designate the following organizations to share equally in any residual funds: Pine Tree Legal Assistance, Inc.

      10.3.15.  Notify the Parties that the Settlement Fund will be terminated unless the Parties contact the Settlement Administrator within ten business days.

10.4.    The Parties will be jointly responsible for providing the Settlement Administrator with the necessary information to facilitate notice and claims administration (including, but not necessarily limited to, the full legal name, last known address, and dates of contract of Named Plaintiff, FLSA Plaintiffs, and Class Members).

10.5.    In the event a Settlement Class Member disputes the accuracy of information upon which settlement payments are calculated, the Parties agree that Defendants' business records will be conclusive as to the dates a Settlement Class Member was a distributor.

10.6.    Class Counsel will calculate settlement payments to each Settlement Class Member under this Settlement Agreement and provide this information to the Settlement Administrator for purposes of processing the settlement checks.

10.7.    Defendants acknowledge that they are responsible for ensuring that notice is mailed to the appropriate entities pursuant to CAFA and agree to work diligently with the Settlement Administrator, who will be responsible for actually sending the required notices, to ensure this notice is sent timely and in the manner prescribed by law.

10.8.    Defendants will pay the costs of notice and administration of the settlement, which will be paid separately and in addition to funding the Settlement Fund.

## 11.  Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights

11.1.    Within two weeks of the date the Court grants Preliminary Approval of the Settlement, as the Court may direct, the Parties shall cause the Settlement Notices to be

disseminated pursuant to the Notice Program, in a manner that comports with constitutional due process and the requirements of Rule 23, as set forth below:

11.1.1. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 1A to be sent to Current Distributor Class Members who are not the Named Plaintiff or FLSA Plaintiffs;

11.1.2. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 1B to be sent to former distributor Class Members who are not the Named Plaintiff or FLSA Plaintiffs;

11.1.3. The Settlement Administrator shall cause the Settlement Notice in form of Exhibit 2A to be sent to Current Distributor FLSA Plaintiffs;

11.1.4. The Settlement Administrator shall cause the Settlement Notice in form of Exhibit 2B to be sent to former Distributor FLSA Plaintiffs;

11.2.   The Settlement Administrator shall cause the Showing of Interest Form in form of Exhibit 3 to be sent to Current Distributor Class Members and FLSA Plaintiffs.

11.3.   The Parties agree that all Class Members and FLSA Plaintiffs who are not the Named Plaintiff who receive Settlement Notices in the form of Exhibit 1A, 1B, 2A and 2B shall have a period of sixty (60) days to file any Exclusion Request or objection.

11.4.   The Parties agree that all FLSA Plaintiffs (but are not Named Plaintiff), shall have a period of sixty (60) days to contact Class Counsel to withdraw from the Action and not participate in the Settlement should they wish to do so.

11.5.   The Parties agree that Current Distributor Class Members and FLSA Plaintiffs shall have a period of sixty (60) days to submit their Showing of Interest Form to the Settlement Administrator.

DocuSign Envelope ID: 75C5990A-EF93-49E9-907D-D918CA3B7AA3

11.6.  The Parties agree that the Settlement Administrator shall also send a Reminder Notice in the form attached as Exhibit 4 to any Current Distributor Class Member or FLSA Plaintiff who has not submitted the Showing of Interest Form reminding them of the upcoming deadline for the same

11.7.  Claims administration expenses and notice expenses shall be paid directly by Defendants and not from the Settlement Fund.

11.8.  The Settlement Notices attached in the form of Exhibits 1A, 1B, 2A and 2B shall comply with the requirements of Rule 23 and shall:

11.8.1. contain a short, plain statement of the background of the Action and the proposed Settlement;

11.8.2. describe the proposed Settlement relief as set forth in this Settlement Agreement, including the requests of Class Counsel for Attorneys' Fees and Costs and Service Awards as described in this Settlement Agreement;

11.8.3. inform Class Members that, if they do not exclude themselves from the Settlement, they may be eligible to receive relief;

11.8.4. inform Current Distributor Class Members and FLSA Plaintiffs that they will be bound by the Rule 23(b)(2) injunctive relief set forth in Section 7 above whether they exclude themselves and withdraw or not;

11.8.5. describe the procedures for participating in the settlement and advising recipients of this Notice of their rights, including their right to exclude themselves from the settlement (except for the injunctive relief set forth in Section 7 above, which binds all Current Distributor Class Members and FLSA Plaintiffs whether they exclude themselves and object or not), or object to the settlement;

11.8.6. explain the scope of the Release, and the impact of the proposed Settlement Agreement on any existing litigation, arbitration or other proceeding;

11.8.7. state that any relief to Class Members under the Settlement Agreement is contingent on the Court's Final Approval of the proposed Settlement Agreement and the Court's approval of the *Bowen* and *Aucoin* settlements;

11.8.8. explain that Counsel for the Parties may not advise on the tax consequences of participating or not participating in the settlement;

11.8.9. explain the procedures for opting out of the settlement and specify that so-called "mass" or "class" opt-outs shall not be allowed; and

11.8.10.      provide that any objection to the Settlement Agreement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection is not the Named Plaintiff and has submitted timely notice of his or her intention to do so, with the grounds for the objection, and has served copies of such papers he or she proposes to submit at the Fairness Hearing on Class Counsel and Defense Counsel on or before the Objection Date, as specified in the Settlement Notice.

11.9.    Any Settlement Class Member who intends to object to any aspect of the settlement, including the requested Attorneys' Fees and Costs, or Service Award, must do so on or before the Objection Date. To object, the Settlement Class Member must file a written objection with the Court on or before the Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include: the name, address, telephone number, and email address of the objector and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections and must state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. Any

Settlement Class Member who fails to file and timely submit and serve a written objection in accordance with this Settlement Agreement shall not be permitted to object to the approval of the Settlement Agreement at the Fairness Hearing. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties. Should the Court require procedures for objections that differ from the provisions of this paragraph, the provisions of paragraph 4.4 will not apply to nullify this Settlement.

11.10. Prior to the Fairness Hearing, the Parties shall provide to the Court documentation that the Settlement Notices were provided in accordance with the Notice Program.

11.11. A Class Member, including an FLSA Plaintiff who is also a Class Member (but who is not the Named Plaintiff) who wishes to file an Exclusion Request must do so on or before the Exclusion Date. To exclude himself or herself from the settlement (except for the injunctive relief set forth in Section 7 above to which all Current Distributor Class Members and FLSA Plaintiffs are bound whether they exclude themselves and withdraw or not), the applicable Class Member must complete and send to the Settlement Administrator an Exclusion Request as set forth herein that is post-marked no later than the Exclusion Date. The Exclusion Request must be personally signed by the applicable Class Member requesting exclusion; contain the Class Member's full name, address, and phone number; and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" exclusions on behalf of multiple individuals or groups shall not be allowed. Should the Court require procedures for exclusions that differ from the provisions of this paragraph, the provisions of paragraph 4.4 will not apply to nullify this Settlement.

11.12. An FLSA Plaintiff, including FLSA Plaintiffs who are also Class Members (but who are not the Named Plaintiff), who does not want to participate in the settlement must contact

Class Counsel and notify them that they want to withdraw by the Withdrawal Date. FLSA Plaintiffs who are also Class Members (but not the Named Plaintiff) must both file a valid Exclusion Request by the Exclusion Date as discussed above and contact Class Counsel to withdraw by the Withdrawal Date discussed herein to exclude themselves from the settlement (except for the injunctive relief set forth in Section 7 above, to which all Current Distributor Class Members and FLSA Plaintiffs are bound whether they exclude themselves and withdraw or not).

11.13. Except for those Class Members and applicable FLSA Plaintiffs who are also Class Members who timely and properly file an Exclusion Request, as applicable, and all FLSA Plaintiffs who submit a notice of intent to withdraw to Class Counsel by the Withdrawal Date, all other Class Members and FLSA Plaintiffs, including those who do not respond to the Notice, will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Settlement Effective Date, will be bound by its terms and conditions and the release of claims described therein and will be bound by the judgment dismissing this Action on the merits. All Current Distributor Class Members and FLSA Plaintiffs, whether they file an Exclusion Request and withdraw or not, will be bound by the injunctive relief set forth in Section 7 above upon the Settlement Effective Date.

11.14. Any Class Member, including any FLSA Plaintiff who is also a Class Member, who is not also the Named Plaintiff who properly files an Exclusion Request excluding him or herself from the Settlement Class shall: (a) not be bound by any orders or judgments entered in the Action relating to the settlement, including but not limited to the Release of Claims, except for the injunctive relief set forth in Section 7 above, which applies to all Current Distributor Class Members and FLSA Plaintiffs whether they exclude themselves and withdraw or not; (b) not be entitled to relief under, or be affected by, the Settlement Agreement; (c) not gain any rights by the

DocuSign Envelope ID: 751C5990-D4F3-419D-9D7D-D918CA3B7AA3

Settlement Agreement; or (d) not be entitled to object to any aspect of the settlement. For any Class Member who files an Exclusion Request, the statute of limitations for the Class Member's claims will begin to run again upon the Settlement Effective Date. The statute of limitations will similarly begin to run for any FLSA Plaintiff who withdraws from the Action as well as any FLSA Plaintiff/Class Member who both withdraws from the Action and files an Exclusion Request.

## 12.    Payment from the Settlement Fund

12.1.    All settlement payments made to Settlement Class Members under this Settlement Agreement shall be considered non-employee compensation.

12.2.    For tax reporting purposes, except as provided in 12.3 below, Defendants, or as applicable the Settlement Administrator, shall report all settlement payments made to Settlement Class Members as non-employee compensation to the Settlement Class Members receiving settlement payments.

12.3.    For any Settlement Class Members whose distributorships are incorporated on the Settlement Effective Date, no reporting for tax purposes of the settlement payments is required by Defendants.

12.4.    Settlement Class Members will be responsible for reporting such amounts on their tax returns and paying all applicable taxes on such amounts. Settlement Class Members agree to indemnify and hold Defendants, Class Counsel and the Settlement Administrator harmless from any and all liability that may result from, or arise in connection with their failure to file and pay such taxes on any amounts received pursuant to this settlement.

12.5.    In the event the Action is not finally dismissed or is vacated or reversed on appeal, all Settlement Funds shall be immediately returned to Defendants. No Settlement Funds shall be disbursed from the Settlement Fund until the Settlement Effective Date.

## 13.    Settlement Fund Allocation

13.1.    No Settlement Class Member will be required to submit a claim form to receive a share of the Settlement Fund.

13.2.    Settlement Class Members who are FLSA Plaintiffs and who operate multiple territories shall collect monies allocated to alleged overtime on only one territory, which will be the territory that has the highest total alleged overtime damages during the recovery period as determined by Class Counsel.

13.3.    The Parties agree to allocate the Settlement Fund as follows:

Step 1: For Class Members or FLSA Plaintiffs who had more than one territory at some point during the class period, select the territory with the highest gross sales and discard sales (but not deductions) data from the smaller territory(ies).

Step 2: Calculate FLSA overtime shares by multiplying the number of weeks each FLSA Plaintiff worked during the two-year statute of limitations period by 55 hours, then divide that FLSA Plaintiff's gross sales by that product. If the quotient is less than $1,000, round up to $1,000.

Step 3: Calculate each Class Member's state wage deduction damages by adding the dollar amount of the Class Member's warehouse fee, territory payment, administrative fee, shrink, and stale payments during the applicable statute of limitations.

Step 4: Reduce the common fund by the sum of all FLSA damages calculated in steps 1 through 4.

Step 5: Apportion the remaining money on a pro rata basis for each Class Member for wage deduction damages.

Step 6: Verify results. The sum of all Class Member and FLSA Plaintiff payments must equal $9,000,000.

13.4.    Settlement Class Members who are FLSA Plaintiffs and who operate multiple territories shall collect monies allocated to alleged overtime on only one territory, which will be the territory that has the highest total alleged overtime damages during the recovery period as determined by Class Counsel;

13.5.    Checks will be negotiable for 180 days. Ninety (90) days after mailing, the Settlement Administrator will review the Settlement Fund account for uncashed checks and attempt to contact each Settlement Class Member who has not cashed her or his check to remind them of the negotiable period. If the Settlement Class Member requests a new check, the Settlement Administrator will void the original check and reissue a check negotiable for forty-five

DocuSign Envelope ID: 751C5990-04F9-3-19E-907D-D918CAP27AA-3

(45) days. Checks that are not cashed within the negotiable period will not result in unclaimed property under state-law. Rather, in the event there are unclaimed funds, they shall be paid to the Court-designated *cy pres* beneficiaries.

13.6.   The Named Plaintiff may petition the Court for approval of a Service Award in the amount of $10,000 in recognition of his time and efforts in serving the Class by helping Class Counsel formulate claims and assisting in the Noll Action and settlement process. Defendants will not object to the Named Plaintiff's petition for a Service Award. This Service Award is separate from and in addition to the shares of the Settlement Fund that the Named Plaintiff may be eligible to receive as a Settlement Class Member, although the payments will be made from the Settlement Fund. As a condition of receiving such Service Award, Named Plaintiff agrees that he may not exclude himself from this settlement and agrees to sign a general release of all claims. Final approval of the Settlement Agreement is not contingent upon the Court granting the requested Attorneys' Fees and Costs and Service Award in full.

13.7.   Except as otherwise noted, the allocations described in 13.2 and 13.3 will be performed solely by Class Counsel and is subject to Court approval.

13.8.   Defendants and Defense Counsel will cooperate with Class Counsel to provide information from Defendants' records for purposes of locating persons in the Class and in determining the values to be used in calculating each Settlement Class Member's share of the Settlement Fund.

## 14.   Attorneys' Fees and Costs

14.1.   Class Counsel agrees to make an application to the Court for an award of Attorneys' Fees and Costs in this Action, and Defendants agree not to oppose such application. If awarded by the Court, Defendants shall pay Class Counsel, either directly or indirectly through the Settlement

DocuSign Envelope ID: 751C5990-02F3-49E3-807D-D918CA2B7AA3

Administrator, the Attorneys Fees and Costs within twenty business days of the Settlement Effective Date.

## 15. Miscellaneous Provisions

15.1.    Defendants reserve the right to void the Settlement Agreement if 15% or more of Settlement Class Members in this Action or in *Bowen* or *Aucoin* exclude themselves from the settlement.

15.2.    The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

15.3.    The signatories hereto hereby represent that they are fully authorized to enter this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

15.4.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms and conditions set forth herein.

15.5.    Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement.

15.6.    As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

15.7.    The Parties agree to a stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Final Court Approval of the Settlement Agreement.

15.8.    This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of Maine without regard to its conflicts of law provisions.

15.9.    Upon stipulation or with Court approval, the Parties may alter the above dates or time periods. The Parties may also make other non-substantive revisions to the Settlement Notice, Reminder Notice, or other documents as necessary.

15.10.   All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

15.11.   The terms of this Settlement Agreement are confidential until it is filed in the Court. Even after the Settlement Agreement is filed with the Court, the Parties agree to keep the amounts paid to each individual Settlement Class Member confidential. This obligation includes not publicizing or disclosing the specific monetary amounts each individual is to receive under this settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any media, including on the internet and social media including, but not limited to Facebook, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the above, counsel for

any party may take Action to implement this Settlement Agreement, including publicly filing it with the Court and issuing Court-approved Notice. Further, notwithstanding the foregoing, Settlement Class Members and Class Counsel may also disclose information concerning this Settlement Agreement to their respective immediate families, counsel, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others, and Class Counsel may disclose information to courts in connection with declarations supporting adequacy as class counsel. The foregoing shall not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement and shall not prohibit or restrict Settlement Class Members or Class Counsel from responding to any inquiry about this Settlement Agreement or Action or its underlying facts and circumstances by any governmental agency, or any regulatory organization. To the extent permitted by law, with respect to any such disclosure pursuant to the foregoing sentence, each Settlement Class Member and Class Counsel shall provide Defendants with as much notice as possible of any request to make any above-described disclosure, and will use best efforts to ensure that if such disclosure occurs it will occur in a manner designed to maintain the confidentiality of this Settlement Agreement to the fullest extent possible. Finally, notwithstanding the foregoing, Defendants may disclose the specific financial terms of this Agreement for legal, accounting, and legitimate business purposes, in accordance with their usual business practices, and otherwise as required by law.

15.12.   The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

15.13.  The terms and conditions of this Settlement Agreement, along with the Settlement Agreements in *Bowen* and *Aucoin*, constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. The Named Plaintiff, on his own behalf and on behalf of the Settlement Class he represents and Defendants accept entry of this Settlement Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only in writing and signed by the signatories hereto and approved by the Court.

15.14.  This Settlement Agreement and the attachments hereto, including the separate Settlement Agreements and attachments thereto for the *Bowen* and *Aucoin* cases, contains the entire agreement between the Parties relating to the Settlement Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing. Notwithstanding the foregoing, however, nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties or Settlement Class Members, as set forth in their Distributor Agreements.

15.15.  This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

15.16.  In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall

Page **38** of 40

be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

15.17.  This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.18.  In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Settlement Agreement or any provision in it.

15.19.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| If to Class Counsel | If to Defense Counsel |
|---|---|
| Shawn J. Wanta, Esq. | Kevin P. Hishta, Esq. |
| BAILLON THOME JOZWIAK & WANTA LLP | OGLETREE, DEAKINS, NASH, SMOAK |
| 100 South Fifth Street, Suite 1200 | & STEWART, P.C. |
| Minneapolis, MN 55402 | 191 Peachtree Street N.E., Suite 4800 |
| | Atlanta, GA 30303 |

## 16.   Named Plaintiff's Certification

The Named Plaintiff hereby certifies that:

a)      He has signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiff acknowledges is adequate and satisfactory and beyond that to which Named Plaintiff is otherwise entitled;

b)      Named Plaintiff has been advised by Class Counsel and has consulted with Class Counsel before signing this Settlement Agreement; and

DocuSign Envelope ID: 751C5990-02F9-419D-8D7D-D918CA8B7AA3

c)      Named Plaintiff has been given adequate time to review and consider this Settlement Agreement and to discuss it with Class Counsel. Neither Defendants nor any of the Releasees have made any representations to Named Plaintiff concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Named Plaintiff Timothy Noll

Dated: _____      _____

Defendant Flowers Foods, Inc.

Dated: 10/21/2021 | 11:51:22 AM EDT

By: _Stephanie B. Tillman_____

36656FCD19F640B...

Its: Chief Legal Counsel_____

Defendant CK Sales Co., LLC

Dated: 10/21/2021 | 11:51:22 AM EDT

By: _Stephanie B. Tillman_____

36656FCD19F640B...

Its: Assistant Secretary_____

Defendant Lepage Bakeries Park Street, LLC

Dated: 10/21/2021 | 11:51:22 AM EDT

By: _Stephanie B. Tillman_____

36656FCD19F640B...

Its: Assistant Secretary_____

48887571.1

be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

15.17.  This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.18.  In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Settlement Agreement or any provision in it.

15.19.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| If to Class Counsel | If to Defense Counsel |
|---|---|
| Shawn J. Wanta, Esq. | Kevin P. Hishta, Esq. |
| BAILLON THOME JOZWIAK & WANTA LLP | OGLETREE, DEAKINS, NASH, SMOAK |
| 100 South Fifth Street, Suite 1200 | & STEWART, P.C. |
| Minneapolis, MN 55402 | 191 Peachtree Street N.E., Suite 4800 |
| | Atlanta, GA 30303 |

## 16.    Named Plaintiff's Certification

The Named Plaintiff hereby certifies that:

a)      He has signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiff acknowledges is adequate and satisfactory and beyond that to which Named Plaintiff is otherwise entitled;

b)      Named Plaintiff has been advised by Class Counsel and has consulted with Class Counsel before signing this Settlement Agreement; and

Document Ref: XDBDG-ZZRKV-CVXAW-BNQQB

c)      Named Plaintiff has been given adequate time to review and consider this Settlement Agreement and to discuss it with Class Counsel. Neither Defendants nor any of the Releasees have made any representations to Named Plaintiff concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Named Plaintiff Timothy Noll

Dated: __10 / 21 / 2021_____      ____*Timothy Noll*_____

Defendant Flowers Foods, Inc.

Dated: _____      By: _____

Its: _____

Defendant CK Sales Co., LLC

Dated: _____      By: _____

Its: _____

Defendant Lepage Bakeries Park Street, LLC

Dated: _____      By: _____

Its: _____

48887571.1

Page **40** of 40

# Signature Certificate

Document Ref.: XDBDG-ZZRKV-CVXAW-BNQQB

Document signed by:



**Timothy Noll**

E-mail:
tjnoll@outlook.com

Signed via link

IP 67.242.178.107    Date: 21 Oct 2021 19:03:48 UTC

*Timothy Noll*

Document completed by all parties on:
21 Oct 2021 19:03:48 UTC

Page 1 of 1



Signed with **PandaDoc.com**

PandaDoc is a document workflow and certified eSignature
solution trusted by 25,000+ companies worldwide.

