**EXHIBIT 1B**

**Notice to Former Distributor Class Members Who Are Not a Named Plaintiff or FLSA Plaintiff**

# SETTLEMENT NOTICE

*Noll, et al. v. Flowers Foods, Inc., et al.*, No. 1:15-cv-00493-LEW (D. Me.)

# Because You Are A Former Lepage Distributor And Worked In Maine, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former Lepage Bakeries Park Street, LLC and CK Sales Co., LLC (collectively "Lepage") distributors have sued Flowers Foods, Inc. and Lepage (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated Maine wage laws. The Defendants deny those allegations, but have agreed to settle the lawsuit.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were, or are, Lepage distributors in Maine from December 2, 2012 – [Insert preliminary approval date] and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your Maine state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in this lawsuit, except for any Fair Labor Standards Act (FLSA) claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendants. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself but instead stay in the Settlement Class. You may not object to the settlement in order to ask the Court for more money for yourself personally. You may, however, object to settlement on behalf of the entire class. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## Table of Contents

**Table of Contents** ................................................................................................................................. 2

**Basic Information** ................................................................................................................................. 2
   **1. Why did I receive this notice?** ...................................................................................................... 2
   **2. What is this lawsuit about?** ........................................................................................................... 3
   **3. What is a class action and who is involved?** ................................................................................ 3

**Who is in the Settlement?** ..................................................................................................................... 3
   **4. Who is included in the class under the settlement?** .................................................................... 3

**The Settlement Benefits—What do you get?** ...................................................................................... 3
   **5. What does the settlement provide?** .............................................................................................. 3
   **6. What can I get from the settlement?** ............................................................................................ 4
   **7. What if I disagree with my payment?** .......................................................................................... 4

**How You Get A Payment** ..................................................................................................................... 5
   **8. How can I get a payment?** ............................................................................................................. 5
   **9. When would I get my payment?** ................................................................................................... 5
   **10. What am I giving up by staying in the class and getting a payment?** ...................................... 5

**Excluding Yourself from the Settlement** ............................................................................................. 5
   **11. How do I exclude myself from this settlement?** ........................................................................ 5
   **12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** ....... 6
   **13. If I exclude myself, will I get money from this settlement?** ..................................................... 6

**The Lawyers Representing You** .......................................................................................................... 6
   **14. Do I have a lawyer in this case?** ................................................................................................. 6

**Objecting to the Settlement** .................................................................................................................. 7
   **15. How do I tell the Court that I don't like the settlement?** ........................................................... 7
   **16. What's the difference between objecting and excluding?** ......................................................... 7

**The Court's Fairness Hearing** .............................................................................................................. 7
   **17. When and where will the Court decide whether to approve the settlement?** ............................ 8
   **18. Do I have to come to the hearing?** .............................................................................................. 8
   **19. May I speak at the Fairness Hearing?** ........................................................................................ 8

**Getting More Information** .................................................................................................................... 8
   **20. Are there more details about the settlement?** ............................................................................ 8

## Basic Information

### 1. Why did I receive this notice?

You are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Lepage in Maine sometime between December 2, 2012 – [Insert preliminary approval date]. The United States District Court for the District of Maine is overseeing this class action. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement, and, any objections and appeals are subsequently resolved, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What is this lawsuit about?

In this lawsuit, current and former Lepage distributors have sued Defendants alleging that Defendants misclassified them as independent contractors and violated Maine law ("state law claims").

Defendants oppose the lawsuit and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation. The Class Representative and his lawyers think the settlement is best for all Settlement Class Members.

### 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Timothy Noll) sue on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued—and all Class Members like him—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods and Lepage) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the settlement. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to exclude yourself from the Class.

## Who is in the Settlement?

### 4. Who is included in the class under the settlement?

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Lepage in Maine sometime between December 2, 2012 – [Insert preliminary approval date].

## The Settlement Benefits—What do you get?

### 5. What does the settlement provide?

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund up to $9,000,000, which provides (i) payments to Settlement Class Members; and (ii) a Service Award to the Class Representative in the amount of $10,000 This Settlement Fund covers claims of Class Members in this case and plaintiffs in two other cases pending in Maine who allege violations of the Fair Labor Standards Act ("FLSA") arising out of the same misclassification alleged in this case. These individuals are referred to as "FLSA Plaintiffs."

In addition, as a part of the settlement, Lepage will repurchase the distribution rights of all current Maine distributors, and the Distributor Agreements will end.  Current Maine distributors will work for Lepage (or an affiliated entity) as route sales representatives, provided that they are otherwise qualified for employment and are interested. Defendants have also agreed to pay Class Counsel's attorneys' fees and costs in the amount of $7,500,000, which Defendants will pay directly to Class Counsel (not from the total Settlement Fund).  Additionally, Defendants have agreed to separately pay for the costs associated with settlement notice and administration.

### 6. What can I get from the settlement?

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; and (3) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated as follows:

Step 1: For Class Members or FLSA Plaintiffs who had more than one territory at some point during the class period, select the territory with the highest gross sales and exclude sales (but not deductions) data from the smaller territory(ies).

Step 2: Calculate FLSA overtime shares for FLSA Plaintiffs by multiplying the number of weeks each FLSA Plaintiff worked during the two-year statute of limitations period by 55 hours, then divide that FLSA Plaintiff's gross sales by that product. If the quotient is less than $1,000, round up to $1,000.

Step 3: Calculate each Class Member's state wage deduction damages by adding the dollar amount of the Class Member's warehouse fee, territory payment, administrative fee, shrink, and stale payments during the applicable statute of limitations.

Step 4: Reduce the Settlement Fund by the sum of all FLSA damages calculated in steps 1 through 4.

Step 5: Apportion the remaining money on a pro rata basis for each Class Member for wage deduction damages.

Step 6: Verify results. The sum of all Class Member and FLSA Plaintiff payments must equal $9,000,000.

### 7. What if I disagree with my payment?

There is a process in the settlement for you to challenge the determination of the amount of your Settlement Payment. Class Counsel will determine the amount of each Settlement Payment and will resolve any objections to your settlement amount. You will get further details in the letter you receive about your payment.

# How You Get a Payment

### 8. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Lepage Class Action Settlement
> Atticus Administration
> 1250 Northland Drive, Suite 240
> Mendota Heights, MN 55120

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

### 9. When would I get my payment?

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Please be patient.

### 10. What am I giving up by staying in the class and getting a payment?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any lawsuit against Defendants about the legal claims resolved by this settlement. This is because, by staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including a Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Flowers Foods or Lepage on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

### 11. How do I exclude myself from this settlement?

To exclude yourself from the settlement, you must send a letter by mail to the Settlement Administrator at the following address, postmarked on or before [__]:

> Lepage Class Action Settlement
> Atticus Administration
> 1250 Northland Drive, Suite 240

    Mendota Heights, MN 55120

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this settlement*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by the release in this case.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

### 12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?

No.

### 13. If I exclude myself, will I get money from this settlement?

No. If you exclude yourself, you will not receive any portion of the Settlement Fund because of this settlement.

## The Lawyers Representing You

### 14. Do I have a lawyer in this case?

The Court has decided that the law firms of Baillon Thome Jozwiak & Wanta LLP, Lockridge Grindal Nauen, PLLP, and Zimmerman Reed LLP are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.BaillonThome.com, www.locklaw.com, and www.zimmreed.com.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

### 15. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

> Clerk of the Court
> U.S. District Court for the District of Maine
> Margaret Chase Smith Courthouse
> 202 Harlow Street
> Bangor, Maine 04401

| | |
|---|---|
| Shawn J. Wanta | Kevin Hishta |
| Baillon Thome Jozwiak & Wanta LLP | Ogletree, Deakins, Nash, Smoak |
| 100 S Fifth St, Suite 1200 | & Stewart, P.C. |
| Minneapolis, MN 55402 | 191 Peachtree Street NE, Suite 4800 |
| | Atlanta, GA 30303 |

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer. In addition, you must identify any previously filed objections filed by you and your counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

### 16. What's the difference between objecting and excluding?

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may no longer object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representative.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **18. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, you have the right to attend the Fairness Hearing and be represented by your own lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **19. May I speak at the Fairness Hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 15 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

## Getting More Information

| **20. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Baillon Thome Jozwiak & Wanta LLP, 100 S 5th St. Suite 1200, Minneapolis, MN 55402 or visiting https://www.baillonthome.com/_____ online.

48806340.1