UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY NOLL, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FLOWERS FOODS, INC., LEPAGE BAKERIES PARK, STREET LLC, and CK SALES CO., LLC,<br><br>Defendants. | No. 1:15-cv-00493-LEW<br><br>**ORDER APPROVING AMENDED JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

Plaintiff and Class Representative Timothy Noll, on behalf of himself and any business entities through which he operated, and on behalf of Settlement Class Members, and Defendants Flowers Foods, Inc., Lepage Bakeries Park Street, LLC, and CK Sales Co., LLC, have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement"). The Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, for an order of preliminary approval of the same.

**A.    Preliminary Findings**

Following review of the Amended Joint Motion for Preliminary Approval (ECF 318), the Settlement Agreement, and the motion record, I find, on a preliminary basis only, that the proposed settlement likely is fair, reasonable, adequate, and in the best interest of the settlement class, suggesting that the Settlement Agreement likely was the result of arm's-length negotiations by experienced counsel; and that the proposed Class Settlement Notices

1

(four different notices for four different plaintiff groups) are suited to their purpose. Accordingly, the Amended Joint Motion is GRANTED, subject to further consideration in the context of Rule 23(e) proceedings, as outlined below.

**B.     Injunction Barring Sale of Distribution Rights**

Because the Settlement Agreement proposes that Defendants will buy back the distribution rights of the Class Members, effective upon entry of this Order, sales or attempted sales of distribution rights by Class Members are enjoined pending further order.

**C.     Modification of Settlement**

The Parties may make only non-material modifications to the Settlement Agreement prior to the Fairness Hearing. The Court may approve the Settlement Agreement with any such modifications, if appropriate, without further notice to the Settlement Class.

**D.     Notice of Settlement and Administration**

1.     The Court approves for distribution, in accordance with the Settlement Agreement, the proposed Class Settlement Notices found in Exhibits 1A, 1B, 2A, and 2B to the Settlement Agreement. The Court finds that the Class Settlement Notices are reasonably calculated to apprise Class Members of the pendency of the Action and their rights respecting the same, and that distribution of the Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits 1A, 1B, 2A, and 2B will satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

2.     The Court appoints Atticus Administration of Mendota Heights, Minnesota, or such other settlement administrator as the parties may agree to as the Settlement Administrator.

3. The Court directs the Settlement Administrator to disseminate Class Notices, the Settlement Agreement and all Exhibits thereto, instructions on how to make elections under the Settlement Agreement, and such other information, if any, as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

4. The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no later than fourteen (14) days after entry of this Order.

5. The Settlement Administrator shall file, through Class Counsel, with the Court proof of compliance with the Notice Program no later than forty-five (45) business days after entry of this Order.

**E.  Exclusion from the Settlement Class**

1. Any person falling within the definition of the Class may be excluded from the Settlement Class by submitting a timely request that complies with the requirements set forth in the applicable Notice.

2. Any FLSA Plaintiff in the *Aucoin* and *Bowen* matters[1] who requests to be excluded from the Settlement Class shall also be deemed to have withdrawn from their multi-plaintiff FLSA action and the settlement therein. Similarly, any FLSA Plaintiff who withdraws from the settlement in either *Aucoin* or *Bowen* shall be deemed to have requested to be excluded from this Class Settlement.

3. Any Class Member who does not submit a valid and timely request for exclusion will be deemed to be a member of the Settlement Class and will be deemed to have

---

[1] *See Nicholas Aucoin, et al. v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC*, No. 1:20-cv-00410-LEW, and *Michael Bowen, et al. v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC*, No. 1:20-cv-00411-LEW.

consented to the settlement in the *Aucoin* or *Bowen* matters (as applicable) and will be bound by all further orders of this Court in this Action and by the terms of the Settlement Agreement, if finally approved by the Court.

    4.    An exclusion request may not be filed on behalf of multiple persons or classes of persons and any such request will be deemed to be void.

    5.    Class Counsel shall provide counsel for Defendants a list of all timely Exclusion Requests within five (5) business days after the exclusion and objection deadline.

**F.    Objections to the Settlement Agreement**

Persons who do not intend to oppose the Settlement need not take any action to indicate their approval. Any Settlement Class Member who intends to object to any aspect of the Settlement Agreement, including the requested attorney's fees and costs, or service award, must do so on or before the objection date.

To object, the Settlement Class Member must file a written objection with the Court and serve it via first-class mail on Class Counsel and Defendants' Counsel and include: the name, address, telephone number, and email address of the person objecting and, if represented by counsel, the name, address, and telephone number of counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for such objections and must state whether he or she wants to be heard at the Fairness Hearing, either with or without counsel. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties.

**G.    Exclusion and Objection Deadline**

The deadline for requesting exclusion from the settlement or filing objections to the settlement is 60 days after the notice is mailed by the Settlement Administrator. Any FLSA

Plaintiff in the *Aucoin* or *Bowen* matters who request exclusion from this settlement must, to be excluded, also withdraw from the *Aucoin* of *Bowen* matters by contacting Class Counsel requesting to withdraw from that action within 60 days after the notice is mailed.

**H.**     **Fairness Hearing**

Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the issues remaining for resolution are as follows:

1.    Whether the proposed settlement is fair, just, reasonable, and adequate to the Settlement Class, to be determined based on whether:

  (A) the class representatives and class counsel have adequately represented the class;

  (B) the proposal was negotiated at arm's length;

  (C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) the proposal treats class members equitably relative to each other.

The determination of these issues will proceed on the basis of a motion for final approval of settlement, an application for award of attorneys' fees and reimbursement of expenses, and an application for service award for the class representative, and will take into consideration objections to the proposed settlement and the parties' responses to the same, if any. The determination will also consider whether an order finally approving the settlement

in the related multi-plaintiff matters is appropriate, as the parties have effectively joined these related proceedings for purposes of their Settlement.

All papers in support of the Settlement Agreement and any application for an award of attorneys' fees and expenses and/or service award must be filed with the Court after the conclusion of all of the foregoing measures, inclusive of expedited discovery propounded on objectors, if any, and within 90 days of this Order absent a reasonable request for extension.

The Court will conduct a Fairness Hearing on April 1, 2022, at 10:00 a.m., at the United States District Court in the Margaret Chase Smith Federal Building in Bangor, Maine, to determine whether the settlement of this matter should be authorized on the terms proposed.

### I.     Miscellaneous Provisions

1. Pending final determination whether the Settlement should be approved, all proceedings in this Action and the related *Aucoin* and *Bowen* matters unrelated to the approval of the Settlement, the application for attorneys' fees and expenses, and the application for incentive award are stayed.

2. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement or if the Settlement Effective Date never occurs.

3. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendants of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the

Settlement Agreement is terminated. Should this Order become of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

**SO ORDERED.**

Dated this 30th day of November, 2021.

/s/ Lance E. Walker<br>UNITED STATES DISTRICT JUDGE