# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Release" or "Agreement") is entered into by and between Nicholas Aucoin, Michael Barlow, Normand Belanger, Jason Britton, Allen Burns, Peter Carr, Daniel Cofone, Dennis Corson, Denis Crepeau, Richard Curran, Edward Henningsen, Jr., Michael Mendes, Jeffrey Smith, Roger Swedberg, and Gary White on behalf of themselves individually and on behalf of any business entities through which they performed services (collectively "FLSA Plaintiffs" or "Plaintiffs"), as well as their spouses (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives, on the one hand, and Flowers Foods, Inc. ("Flowers Foods") and Lepage Bakeries Park Street, LLC, and CK Sales Co., LLC ("collectively Lepage") on the other. The FLSA Plaintiffs Flowers Foods and Lepage shall be referred to collectively herein as "the Parties."

WHEREAS, FLSA Plaintiffs filed opt-in consents and were collective action members in the lawsuit captioned *Noll v. Flowers Foods, Inc.,* Case No. 1:15-cv-00493-LEW, pending in the United States District Court for the District of Maine (the "Noll Action");

WHEREAS, the Noll Action also includes Maine state law class claims covering distributors in Maine from December 2, 2012 to the present, including FLSA Plaintiffs, which class has been certified;

WHEREAS, on August 8, 2020, the Court in Noll decertified the Fair Labor Standards Act ("FLSA") collective action, dismissing all FLSA Plaintiffs' FLSA claims without prejudice, resulting in (1) FLSA Plaintiffs filing the Aucoin action: *Nicholas Aucoin, et al. v. Flowers Foods, Inc.., CK Sales Co., LLC, and Lepage Bakeries Park Street, LLC*, Civil Action No. 1:20-cv-00410-LEW ("Aucoin Action") as a multi-plaintiff action; and (2) several other dismissed opt-in plaintiffs filing the Bowen action: *Michael Bowen, et al. v. Flowers Foods, Inc., CK Sales Co., LLC, and Lepage Bakeries Park Street*, LLC, 1:20-cv-00411-LEW ("Bowen Action") as a multi-plaintiff action;

WHEREAS, Noll, the FLSA Plaintiffs in this Aucoin Action and in the Bowen Action, Flowers Foods and Lepage have reached a comprehensive Class Action Settlement Agreement in the Noll Action ("Underlying Settlement Agreement");

WHEREAS, the Underlying Settlement Agreement covers the settlement of all alleged state law claims and applies to Class Members[1] in that case, including the FLSA Plaintiffs in this Aucoin Action and the Bowen Action, and also covers settlement of the FLSA claims for FLSA Plaintiffs in this Aucoin Action and the Bowen Action who participate in the Noll Settlement;

WHEREAS, under the terms of the Underlying Settlement Agreement, and assuming that Settlement is approved, participants in the Noll Settlement will receive a Settlement Payment[2] from a global Settlement Fund, which also includes monies for resolution of the FLSA Claims in

---

[1] "Class Members" are defined as any individual who, either individually or on behalf of a corporation or business entity that, operated under a Distributor Agreement with CK Sales/Lepage during the Covered Period in the State of Maine.

[2] The Settlement Payment for each participating Settlement Class Member will be determined according to a formula in the underlying Settlement Agreement.

this Aucoin Action and the Bowen Action for FLSA Plaintiffs who participate in the Noll Settlement;

WHEREAS, under the terms of the Underlying Settlement Agreement, FLSA Plaintiffs must either: (1) participate in (and not exclude themselves from) the Noll Settlement and not withdraw from this Action to receive a Settlement Payment; or (2) exclude themselves from the Noll Settlement <u>and</u> withdraw from this Action receiving no Settlement Payment for either claim; and

NOW, THEREFORE, for and in consideration of the above and the additional covenants and agreements set forth herein, the consideration FLSA Plaintiffs will receive in connection with the Underlying Settlement Agreement and pursuant to the terms of the Underlying Settlement Agreement, the Parties expressly agree as follows:

I.      **TERMS OF RELEASE**

      A.      **Eligibility for Payment.** FLSA Plaintiffs represent and warrant that they must settle both their Maine state law claims in Noll and their FLSA claims in this Action if they want to receive a Settlement Payment pursuant to the terms of the Underlying Settlement Agreement. They cannot split their claims by participating in the Noll Settlement but not the settlement of their FLSA claims in this Action. FLSA Plaintiffs understand that this means to get a Settlement Payment, (a) the Court must approve the settlements in the Noll, Aucoin and Bowen Actions; (b) they must participate in and not exclude themselves from the Noll Settlement; and (c) they may not withdraw from this Action.

      B.      **Injunctive Relief.** FLSA Plaintiffs understand that pursuant to the terms of the Underlying Settlement Agreement, any injunctive relief in the Noll Settlement will apply to them whether they exclude themselves from the Noll Settlement and withdraw from this Action or not.

      C.      **Payment By Lepage.** Assuming FLSA Plaintiffs meet the conditions for eligibility in I(A) above, FLSA Plaintiffs will receive from the Settlement Administrator in the timeframe set forth in the Underlying Settlement Agreement, on behalf of Lepage, a payment from the Settlement Fund to represent alleged damages for their FLSA claims. FLSA Plaintiffs further represent and warrant that they agree to execute this Release in exchange for the above payments. Also assuming FLSA Plaintiffs meet the above eligibility conditions, FLSA Plaintiffs will also receive a separate Settlement Payment in Noll.

      D.      **Taxes and Indemnification.** All monies under this settlement shall be treated as non-employee compensation and shall be reported as such, consistent with applicable tax reporting rules. The FLSA Plaintiffs release Lepage and Flowers Foods from any and all liability that may result from, or arise in connection with, their own failure to file and pay such taxes on any amounts received pursuant to this settlement and shall be responsible for any taxes they are legally responsible to pay.

## II. RELEASE

**A. <u>Mutual Release of FLSA Claims.</u>** For and in consideration of the mutual promises herein contained and receipt of the underlying Settlement Payment, and effective on the Effective Date of the Underlying Settlement Agreement in the Noll matter, by signing below, FLSA Plaintiffs, for themselves and on behalf of any business entities through which they performed services, as well as their spouses (if any), beneficiaries, heirs, administrators, executors, agents and representatives, do hereby forever and fully release and discharge the Released Parties (as defined below) of and from any and all sums of money, claims, interests, demands, actions, debts, damages, and losses whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which they now own, hold, have, or claim to own, or hold, pertaining to claims for overtime, minimum wage, or any other damages under the FLSA arising from FLSA Plaintiffs' independent distributor relationship with Lepage. In consideration of FLSA Plaintiffs' release of FLSA claims against the Released Parties, Lepage and Flowers Foods do hereby release FLSA Plaintiffs and their attorneys and agents from any and all claims, complaints, or liabilities, including attorneys' fees and costs, whether known or unknown, pertaining to claims under the FLSA which Flowers Foods or Lepage ever had, or may claim to have had, from the beginning of time until the Effective Date of the Underlying Settlement Agreement in the Noll matter, Flowers Foods and Lepage sign this Release. The mutual release of claims shall not affect any rights or claims of the Parties that may arise after this Release is executed or claims not covered in this Agreement. To induce Flowers Foods and Lepage to release and waive all claims it may have against FLSA Plaintiffs, FLSA Plaintiffs represent that they have no knowledge of any basis for any claims that Flowers Foods and Lepage could bring against them.

**B. <u>Released Parties</u>.** The Released Parties are: (a) Flowers Foods, CK Sales, Lepage, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, (b) with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, members, managers, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns. Said parties shall be referred to collectively herein as the "Released Parties."

**C. <u>Limitations</u>.** The Releases contained in Section II.A, above, do not extend to enforcement of the obligations, terms, and covenants of this Release by either party. Further, the mutual release of claims shall not affect any rights or claims of the parties that may arise after this Settlement Agreement is executed.

## III. REPRESENTATIONS AND WARRANTIES

**A. <u>Authority.</u>** The signatories below represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties hereto to the terms and conditions hereof.

**B. <u>No Admission of Liability.</u>** This Release is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of correctness, liability, or responsibility on the part of any party. The Parties agree that they will never seek to

introduce this Release as evidence of an admission of liability or an admission of any violation of any federal, state or local laws. FLSA Plaintiffs further acknowledges that through this Settlement, neither Flowers Foods nor Lepage will be deemed to admit or concede that Plaintiffs' claims have any merit. Rather, Flowers Foods and Lepage have denied and continue to deny, specifically and generally, the claims asserted in the Actions and any and all liability or wrongdoing of any kind whatsoever associated with the facts or claims alleged in the Actions, including that continued class or collective action treatment is appropriate.

    C. **Advice of Legal Counsel.** The advice of legal counsel has been obtained by all of the Parties prior to the execution of this Release. All of the Parties hereby execute this Release voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims owed by the Parties to each other arising out of or connected with the matters specified herein. All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Release, and this Release is made with the consent and advice of counsel who have jointly prepared this Release.

    D. **Non-Assignment of Claims.** FLSA Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action which they have or might have arising out of the matters referred to herein, nor any portion of any recovery or settlement to which he might be entitled, has been assigned or transferred to any other person, firm, or corporation not a party to this Release, in any manner, including by way of subrogation or operation of law or otherwise. In the event that any claim, demand, or suit should be made or instituted against any of the Parties because of any such purported assignment, subrogation, or transfer, the other party agrees to indemnify and hold harmless the party subject to such an action against such claim, suit, or demand and to pay and satisfy any such claim, suit, or demand, including necessary expenses of investigation, actual attorneys' fees, and costs.

    E. **Adequate Investigation of Facts.** In making and executing this Release, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Release as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Release with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Release.

    F. **Assumption Of Risk of Mistake.** The Parties hereby expressly assume the risk of any mistake of fact or that the true facts might be other or different from facts now known or believed to exist, and it is the express intention of the Parties to forever settle, adjust, and compromise the disputes raised by the Actions without regard to who may or may not have been correct in their respective understandings of the facts or the laws relating thereto.

    G. **Understanding Of Agreement.** Each of the Parties has read and understands the contents of this Release.

    H. **Binding Upon Agents And Representatives**. Each and every term of this Release shall be binding upon the agents, representatives, insurers, employees, attorneys, heirs,

administrators, executors, successors, and assigns of the respective Parties hereto and any parent, subsidiary, or affiliated entity of such Parties.

      I.     **Integration.** This Agreement and the Underlying Settlement Agreement in the Noll and Bowen Actions constitutes the entire agreement between FLSA Plaintiffs, on the one hand, and Flowers Foods and Lepage, on the other hand, pertaining to the subject matter hereof, and further constitutes the final, complete, and exclusive expression of the terms and conditions of their agreement. Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby extinguished and merged herein.

      J.     **Cooperation and Approval of Settlement.** The Parties hereto agree to execute any and all other documents and instruments in writing which may be reasonably necessary or proper to effectuate and carry out the purposes of this Agreement, including any motions for approval of this Settlement that need to be filed..

      K.     **Modifications In Writing.** The Parties agree that any modifications to this Agreement must be made in writing, and for Flowers Foods and Lepage by a duly-authorized Company official, and must be executed by all of the Parties.

      L.     **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Maine.

      M.     **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same written Agreement. If any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file or similar electronic file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original. A copy of the signed Agreement may be used in lieu of the original Agreement for all purposes.

      N.     **Construction.** FLSA Plaintiffs, on the one hand, and Flowers Foods and Lepage, on the other hand, through their counsel, participated in the drafting of this Release, and they agree that any rule of construction that agreements are to be construed adverse to the drafter shall not apply herein, including to captions. Should any provisions of this Release be declared or determined by a court or arbitrator to be illegal or invalid, the validity of the remaining terms shall not be affected thereby.

      O.     **No Waiver.** No waiver of any breach of any term or provision of this Release shall be, or shall be construed to be, a waiver of any other breach of this Release. No waiver shall be binding under this Release unless in writing and signed by the party waiving the breach, and for Flowers or Lepage by a duly-authorized Company official.

      P.     **Severability.** If any provision of this Release is found by a proper authority to be unenforceable, that provision shall be severed and the remainder of the Release will remain in full force and effect.

**FLSA PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE READ THIS RELEASE AGREEMENT, HAVE HAD THE OPPORTUNITY TO DISCUSS THE**

CONTENTS OF THIS AGREEMENT WITH THEIR COUNSEL AND HAVE DONE SO, THAT THEY HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

WHEREFORE, the Parties hereto have executed this Agreement on the dates set forth opposite their respective signatures this 12th date of January, 2022.

*Nicholas Aucoin*

Nicholas Aucoin, individually and on behalf of any business entity through which he performed services

Date: 01 / 12 / 2022

FLOWERS FOODS, INC.

Date:

LEPAGE BAKERIES PARK STREET, LLC

Date:

CK SALES CO., LLC

Date:

48859885.1

# Signature Certificate

Reference number: 3ZWND-TMVK6-GILBK-NX3WV

| Signer | Timestamp | Signature |
|---|---|---|
| **Nicholas Aucoin**<br>Email: aucoin.nicholas@gmail.com<br><br>Shared via link<br><br>Sent:<br>Viewed:<br>Signed: | <br><br><br><br><br>12 Jan 2022 20:49:43 UTC<br>13 Jan 2022 05:01:54 UTC<br>13 Jan 2022 05:08:48 UTC | *Nicholas Aucoin*<br><br>IP address: 24.198.96.30<br>Location: Orono, United States |

Document completed by all parties on:
13 Jan 2022 05:08:48 UTC

Page 1 of 1



Signed with PandaDoc

PandaDoc is a document workflow and certified eSignature solution trusted by 30,000+ companies worldwide.

