UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY NOLL, individually and on behalf of similarly situated individuals, | No. 1:15-cv-00493-LEW |
| Plaintiff, | |
| v. | **PROCEDURAL ORDER** |
| FLOWERS FOODS, INC., LEPAGE BAKERIES PARK, STREET LLC, and CK SALES CO., LLC, | |
| Defendants. | |

In anticipation of the Fairness Hearing scheduled for April 1, 2022, and following a preliminary review of the Joint Motion for Final Approval of Proposed Class Action Settlement, the Court now orders that the parties be prepared to address the following questions related to the distribution of the $9,000,000 Settlement Fund.

On page 9 of the Joint Motion for Final Approval, the parties set forth the method for allocation of the $9,000,000 Settlement Fund using a six-step formula.[1] The Court's questions relate to Step 2 and Step 6.

**Step 2**

Step 2 provides:

---

[1] This method is drawn from the Class Action Settlement Agreement and Release (ECF No. 317) at 33, ¶ 13.3.

> Calculate FLSA overtime shares by multiplying the number of weeks each
> FLSA Plaintiff worked during the two-year statute of limitations period by
> 55 hours, then divide that FLSA Plaintiff's gross sales by that product. If the
> quotient is less than $1,000, round up to $1,000.

The Court would like clarification as to the use of the term "shares" in Step 2. Is the term "shares" simply a shorthand reference to the net dollar quotient of the mathematical equation described in Step 2?[2]

In addition, the Court would like a demonstration as to how the Step 2 quotient is calculated for a representative sampling of the FLSA plaintiffs. Because the denominator in the equation described in Step 2 is a multiple of the number of weeks worked, the quotient decreases rather than increases in proportion to the number of weeks worked. Please be prepared to explain why the formula is structured in this fashion.

### Step 5

At Step 5, the Settlement Agreement calls for "apportion[ment of] the remaining money on a pro rata basis for each Class Member for wage deduction damages." Does pro rata mean an equal amount to each class member, or an amount proportionate to the relative size of each class member's claim as calculated in Steps 2 and 3? Also, how much money remains to be apportioned in Step 5?

---

[2] The docket reflects that the parties provided the United States Attorney General with a Class Action Fairness Act Notice letter dated October 29, 2021 (docket item 325-1), which references an "Attachment 5" purporting to contain "[t]he proportionate estimated settlement shares to be received by each Class Member," Letter p. 2, ¶ 5. The document identified as Attachment 5 to the letter is not of record in this proceeding. The Court does not mean to suggest that it should be, but perhaps the document contains information that might answer the Court's inquiry to some extent.

## Conclusion

Although the Court does not necessarily have to assess the fairness of the funds paid in settlement of the FLSA Plaintiffs' claims, because those funds draw down the $9,000,000 Settlement Fund the Court would like to understand these calculations in order to consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii).

**SO ORDERED.**

Dated this 29th day of March, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE